## Squire Marvin *vs.* Samuel A. Wilkins.

Where a writ is served by copy, in the absence of the defendant, the return must show that an attested copy was left at the house of his then usual abode, with some person of sufficient discretion, resident therein; or, if there be no such person, that it was left in such situation, (describing it,) that the defendant will most probably receive it; otherwise, it will not be evidence of legal service—and not *prima facie* evidence of notice; so that an actual appearance, or independent proof of actual notice, is necessary to cure the defect.

Where a defendant is out of the state at the time of commencing a suit, and the return does not show notice, the plaintiff must prove notice, before he take a judgment, or, must pursue the course directed by the 18th section of the justice's act; otherwise the judgment will be set aside on *audita querela* brought, showing that the defendant was out of the state, and had no notice of the suit.

A writ of *audita querela* will be sustained, and is the proper remedy, where a judgment of a justice of the peace has been obtained, without notice, the defendant being out of the state at the time of commencing the suit, and where the plaintiff did not comply with the requisitions of the 18th section of the justice's act.

Where a party has commenced a journey leading out of the state, and has progressed thereon, at the commencement of a suit, so far as to rebut any presumption of notice, though not yet actually over the line, he is to be regarded as *being out of the state*, within the meaning of the 18th section of the justice's act.

A party *may* demur to a plea which does not put any material fact in issue, nor bring any new matter on the record, and is not bound to move for judgment, for want of a plea.

THIS was a writ of *audita querela*, by which the complainant sought to set aside a judgment which the defendant had obtained against him, and an execution issued thereon, upon which a sale of his property was threatened.

The complainant set forth in his writ, that on the 25th day of February, 1824, he left his residence, in Fairfield, on a journey to Troy, in the state of New York, which was then generally and publickly known, and that he did not return to the county of Franklin, till the *sixth* day of March, following. That, during his absence from the state, the defendant procured from a justice of the peace, a writ of attachment against him, dated the 24th day of said February, made returnable on the *fifth* day of said March, declaring therein upon a note of hand, and demanding damages, to the amount of fifty dollars. That he procured the sheriff of the county of Franklin, specially to authorize one *Joseph S. Butler*, to serve and return said writ. That on the 27th day of said February, he caused said Butler to return said writ to the justice, with his return thereon, " That he, the said Butler, had served the said writ, by attaching one chair, as the property of this complainant, and that at the same time, he had left a true copy of said writ lying on a table, with a copy of his said return thereon"—without specifying on *whose* table, or *where* the said copy was left. That thereafterwards, on the *third* day of said March, the said justice endorsed on the said writ " that the service was sworn to, before him," (the said justice;) and that the said Butler did not then and there, nor has he, at any other time and place, made oath that he truly and faithfully served the same, agreeably to his endorsement thereon, and that he did not fill up, make, or alter said writ, agreeably to the statute, in such cases made and pro-

Franklin,
January,
1826.

Marvin
vs.
Wilkins.

vided.   That on the said *fifth* day of March, the defendant pro-
cured the said justice to render a judgment in said suit, in his
favour, against this complainant, for $42,73 damages, &c. wholly
without his knowledge or consent; *and that the defendant, on
the same day, prayed out an execution on said judgment, and af-
terwards, on the 23d day of said March, put the same into the
hands of *Bohan Shepard*, a sheriff's deputy, to levy and collect.
That the said *Shepard*, without ever having made any levy of
said writ of execution, to the knowledge of this complainant,
had advertised one pair of horses, and one waggon and harness,
the property of this complainant, to be sold in the town of *Swan-
ton*, on the 12th day of May, 1824, to satisfy the said execu-
tion :—And, that the said defendant directed, and the said *Shep-
ard* threatened, to sell the said property, at the time and place
aforesaid.   And so, the complainant said, that he had had no
means whatever of appearing and answering to the defendant's
declation, in that suit; and averred, that could he have had his day
in court, he had a good and sufficient defence to the said action.
By all which, the complainant alleged, he was greatly injured
and aggrieved, and had suffered damages, the sum of $100, &c.

To this complaint, the defendant pleaded and said, that the
prayer thereof ought not to be granted, because, he said, that
said complainant was not without this state, at the time of the
commencement of the said suit in favor of the said Samuel A.
Wilkins, against him, at *Troy*, or elsewhere; and of this he put
himself on, &c.

And, to this plea, there was a general demurrer.

*Burt*, for the complainant.   That which is well pleaded, and
is not denied, is admitted.

There are three causes of complaint set forth :

1st.  That the plaintiff was absent from the state, before the
service, and did not return till after the judgment against him,
and had no notice of the suit.

To this, the defendant makes only an evasive answer.   He
does not say that the complainant had notice of the suit, nor
that he had not left the state before service of the writ, nor that
he returned before the judgment was obtained.   The plea de-
nies nothing material which is alleged.

2d.  There was no legal service made.   The service would
have been bad, if the complainant had not been out of the state.
No copy was left with the complainant, or left at his last and us-
ual place of abode.   To this, the defendant makes no answer.

3d.  The officer having the execution, advertised to sell the
property of the complainant, out of the town where the com-
plainant resided, and without having levied on the same; and
the defendant directed the officer so to sell.

To this part of the complaint, there is no answer.

When the sheriff authorizes an indifferent person to serve a
writ, it is at the responsibility of the party praying out the writ.
In this case, the deputised person did not swear to his return, as
directed by the statute.

*Swift,* for the defendant. It is contended by the defendant, that, in cases of this kind, the defendant may traverse any material fact in the complaint, the truth of which is material and necessary, to entitle the complainant to recover.

*Franklin,*
*January,*
*1826.*

Marvin
*vs.*
Wilkins.

But it is further contended, that, whether the fact traversed is material or not, the complainant ought not to demur. If a defendant tenders an issue on an immaterial fact, he may have judgment for want of a plea, but cannot try the immateriality of the issue, by a demurrer.

It is further contended, that the absence of the complainant from the state, at the time of the commencement of the suit mentioned in the complaint, is the only material fact (if any fact is mentioned) in the complaint.

It is also further contended, that the complaint is wholly insufficient:—1st, because it does not appear that the complainant was out of the state, at the time of commencing said suit in favour of defendant. 2d, because the absence of the complainant from the state, is no cause for an *audita querela.* The defendant's remedy, in such case, (if any) is by writ of review. 3d. Defective service is no cause for a writ of *audita querela ;* but if in any case, not in this. The complainant does not allege any want of notice, *through* defective service, nor that a copy of said writ was not left at his, the complainant's house. (*Stat.* 129.) 4th. It does not appear by said complaint, that the defendant, or the justice who tried said cause, had any notice of the absence of the complainant. 5th. The complainant ought to have set forth in his complaint, *what defence* he had to said action.

HUTCHINSON, J. delivered the opinion of the Court.

This is a writ of *audita querela,* in which Marvin complains of a suit, commenced and carried to final judgment and exection, while he was out of the state, and had no knowledge of the suit. Wilkins, in his plea, says that Marvin was not out of the state, &c. at the commencement of the said action, not noticing the other averments in the complaint. To this plea, Marvin has demurred ; and contends, that the plea does not meet the important allegations of the complaint. The defendant, on the other hand, contends that the complaint is defective in substance, and that, if the complainant has any remedy, it is by a writ of review, in which the merits of the original action may be tried : whereas, a judgment for complainant, in this action, would set aside the original judgment and execution, and leave the parties out of court.

There seemed, at first, to be some weight in this objection ; because, upon a writ of review, the plaintiff in review, the original defendant, may take advantage of pleas in abatement, as well as pleas to the merits ; and such judgment may be rendered as justice requires, upon the whole case. Whereas, if the *audita querela* succeed, the judgment is set aside, and the parties left out of court, as to any further hearing of the original action. But, upon mature investigation of the statute regulating

*Franklin,*
January,
1826.

Marvin
*vs.*
Wilkins.

See statute
129, ch. 9
§ 18

a review of a judgment rendered before a justice, the objection loses its force.

There can be no writ of review, but in cases where it is expressly given by statute: and it is there given, only where it shall be made to appear to the justice, that the defendant is out of the state, and he shall continue the cause, and at last, judgment shall be rendered against the defendant, without his being notified of the suit: and no execution issues till the plaintiff has given bonds to respond the damages, in case judgment be altered, upon a writ of review, to be brought within three years, &c.

When this course is pursued, it secures to the original defendant his day in court, and secures him his costs and damages, if the suit is without foundation. And it would be unreasonable to confine him to this remedy, without this correspondent security. And, whenever the original plaintiff would drive the defendant from *audita querela* to his writ of review, he must take care that the defendant shall have his day in court. This is the true distinction. If it does not appear by the officer's return, that the defendant has personal notice of the suit, the plaintiff should prove notice, before he takes a default, or else have the cause continued, as directed by the statute: or, he must risk the consequence of its proving to be the case, that the defendant is out of the state, and has no notice of the suit:—in which case the *audita querela* is the proper remedy. This course of notice has not been pursued by the original plaintiff, Wilkins. The officer's return shows no personal notice to Marvin. There was no continuance of the action, but a default taken, without proof of notice, and of course, no bonds given to respond damages, in case of a writ of review. If, therefore, Marvin was in fact out of the state, and had no notice of the suit, as he alleges in his complaint, this *audita querela* is his proper remedy.

This leads to the question, whether this *audita querela*, thus brought by Marvin, is sufficiently met by the plea of Wilkins; to which plea Marvin has demurred. The plea has selected and denied a single allegation, only, of the complaint; to wit. that Marvin was out of the state when the action was commenced. Upon this limited traverse, it must be taken to be true, that the defendant, Marvin, had no notice of the suit, till after judgment was rendered, and execution taken out against him upon the same. The fact cannot fail to be important, as a party, without notice of a suit, cannot have his day in court to defend the same. If it were a fact controverted, the officer's return would not aid the original plaintiff. It is not *prima facie* evidence of notice: it is not evidence even of legal service. It is so defective, it would require an actual appearance to cure its defects.

The statute particularly requires the copy to be given to the party, or, in his absence, left at his usual abode, with some person of sufficient discretion; and if no such person be there, such copy must be left at such usual abode, in such situation that the defendant will most probably receive it; and the manner of service must appear in the return. The return, in the present case,

is, that the officer left a true copy of said writ lying on a table, with a copy of his return thereon. Nothing is said about the usual abode of the defendant, nor on whose table, at whose house, nor in what state or country, it was so left. Such a service, as here described, is none at all.

The fact denied in the case seems cautiously selected, so as to evade the merits of the question of notice. The complainant sets forth the time of his starting from Fairfield, and progressing towards and to Troy, in the state of New-York. This plea may be considered as merely putting in issue, the fact of Marvin's having progressed so far as to have got out of the state when the action was commenced. This would be evasive of the merits; for when he started to go out of the state, and progressed regularly till he arrived at Troy, so that notice of the suit could not probably overtake him, he was out of the reach of notice, as soon as he started. The fact denied by the plea, therefore, is not material, while all the other facts are left without denial.

But it is contended, that the complainant, if this fact traversed be immaterial, should not have demurred, but moved for judgment for want of a plea. This objection cannot prevail; for, if the complainant might take that course, he is not compellable to do it. A demurrer is always a good answer to an insufficient plea. The judgment of the court is, that the defendant's plea is insufficient; that the original judgment and execution be set aside and holden for nought, and that the complainant recover his damages, to be assessed, and his cost.

*Augustus Burt*, attorney for the complainant.

*Benj. Swift*, attorney for the defendant.