ORLEANS,
March,
1833.

SAMPSON DAVIS *vs.* ZERAH BEEBE.

When a suit before a Justice is continued for notice, and the plaintiff, before taking out execution, enters into a recognizance to refund what may be recovered by a writ of review, according to the provisions of the 18th Section of the Justice Act, the party cannot plead in bar to such writ of review that the defendant was in the State at the time judgement was rendered against him.

The proceedings of the Justice, in such case, are equivalent to an adjudication that the defendant was out of the State, and had no notice of the suit.

This was a writ of review, brought to reverse a judgement of a Justice of the Peace, in favor of the defendant against the plaintiff. From the declaration it appears, that the defendant commenced his process before Charles Kingsbury, Esq. returnable on the 23d day of August, 1828, when the cause was called, and the present plaintiff not appearing, was continued to the 25th of August, for notice to the defendant. On that day, a judgement against

ORLEANS.
March,
1833.

Davis
vs.
Beebe.

the then defendant was rendered by default; but before execution issued, a suitable recognizance was given by plaintiff to refund, in case of review, according to the statute. This suit was brought before the said Justice who rendered the original judgement in favor of *Beebe* vs. *Davis*. Judgement was rendered for the defendant; whereupon, the plaintiff appealed to the County Court. In the County Court the defendant plead in bar, that at the time when he commenced his original suit against the present plaintiff, said plaintiff was not out of the State.

To this plea the plaintiff demurred specially, and assigned for cause, " that the said Beebe has not averred that said Davis had notice of the service of his (said Beebe's) process before said action was defaulted." Joinder by defendant.

Upon these pleadings, the County Court rendered judgement for defendant, and exceptions being allowed to plaintiff, the case is now presented to the Supreme Court for revision.

*Mr. Starkweather, for plaintiff,* insisted, in substance, that independent of the statute in relation to review, Sec. 18th of the justice act, the only remedy, where a defendant had been deprived of his day in Court for want of notice, was by *Audita Querela,* which was always an inadequate, and many times an insufficient remedy. Hence, this statute being very beneficial, should be liberally construed.

He further contended that the expression of the statute " *out of the State,* means simply out of the reach of notice, and is not intended for exclusive application :

1st, Because, as we have before seen, one of the benefits to be derived from this enactment, was to prevent the obtaining of clandestine judgements, and to secure to the defendant his day in Court.

2d, Because, the distinction between one's living in or out of the State, would be without the least shadow of reason ; for it is as manifestly unjust, that a wrongful judgement should be obtained against a man, and carried into execution while he remains within, as if he were beyond our boundary line ; and it would seem the reason would be stronger in favor of the man who remains ; for if he depart,

71

ORLEANS,
March,
1833.

Davis
vs.
Beebe.

his personal security is entrusted to other laws—if he remain, our laws should not only secure to him the right of private property, but should guarantee to him the most sacred of all rights, the right of personal liberty, which might be very materially affected by permitting false judgements.

3d, Because, a different construction is altogether inconsistent with the obvious meaning of other parts of the same section ; and in determining the meaning of a part, the whole should be taken into view.—6 Dane's Dig. 598, Sec. 11.—11 Mod 161.—6 Mod. 68.—8 Mod. 144.—1 Wils. 320.—*Holbrook* vs. *Holbrook et al.* 18 Mass. R. 258.— Big. Dig. 740, Sec. 9. For the notion, that plaintiff is required to prove that defendant had heard of the suit, is such as would enable him to have appeared and had a trial. Hence it appears from this part of the section, that an opportunity for trial, is what is intended, which must be held to control and fix the meaning of the former words, which will be giving a reasonable and suitable construction to the whole enactment agreeably to the intent of the Legislature, which is the grand fundamental rule of construction.— Big. Dig. 739, F. Sec. 1.—3 Massachnsetts Reports, 540.—*Richards* vs. *Daggett et al.*, 4 do., 534.—*Pease* vs. *Whitney et al.*, 5 do., 380.—*Stanwood* vs. *Peirce,* 7 do., 458. —*Bond* vs. *Appleton,* 8 do., 472.—*Gibson* vs. *Jenney,* 15 do., 205.— 1 Con. R. 167, *Brown* vs. *Barry.* And also agreeable to the rule, that it is always to be presumed the Legislature intended the most reasonable and beneficial construction of their acts.—Big. Dig. 739, Sec. 2.—*Richards* vs. *Daggett,* 4 Mass. R. 537.—*Inhabitants of Somerset* vs. *Inhabitants of Dighton,* 12 do., 383.

4th, Because, to adopt a different construction, would deprive the party of every possible remedy, inasmuch as a sentence, judgement, or decree of a Justice, within his jurisdiction, cannot be re-examined or reviewed, save by appeal, *Audita Querela,* petition under the act of 1829, and writ of review. An appeal could not be taken, because defendant had no day in court. *Audita Querela* stands on the same ground as the the present suit, as regards the present question. If it be necessary that defendant be out of the State, at the time the original suit is commenced, to enable him to sustain his writ of review, it is no less so to

Orleans,
March,
1833.

Davis
vs.
Beebe.

enable him to maintain his *Audita*. In this respect, they are on the same footing; and so treated by this court in the case of *Marvin* vs. *Wilkins*, 1 Aik. Rep. 107. And we have before seen, that an *Audita Querela* is only proper, when the party is either in danger of, or actally in execution.— 3 Bl Com. 405.—1 Aik. R. 323, *Staniford* vs. *Barry*. The act of 1829, in many cases will prove unavailing, because the petition can only be preferred to the first and second County Court, after the rendition of judgement by the Justice : therefore, inasmuch as defendant, in many cases, would not come to the knowledge of the existence of the judgement, until the time for applying for relief had elapsed, this cannot be an adequate remedy.—Acts of 1829, p. 1, Sec. 2. But in determining the present case, this act cannot have the most remote bearing against us ; for the judgement, of which we complain, was rendered 9th August, 1828, a year or more antecedent to the passing of the act. A writ of review then, it would seem, is the only possible remedy.

5th, Because, plaintiff in the original action, understood this case to come within the act in question, and has thus treated it, by procuring a continuance in the first instance, and then entering into a recognizance, agreeably thereto, thus admitting of record the correctness of our position, which it is deemed incompetent for him now to question.

6th, Because, the construction here contended for, has already been given to this section of the statute, by this court, in the case above cited, of *Marvin* vs. *Wilkins*. Therefore, it is contended that defendant has tendered an issue on an immaterial fact, without answering the material allegations in the writ ; and inasmuch as a demurrer is a sufficient answer to an insufficient plea, we are entitled to judgement.

*L. Marsh, contra.*—A writ of review is a special action given by statute, and cannot be sustained, unless the case comes clearly within its provisions.

1st. The requirements of the statute are, that it should appear to the satisfaction of the Justice that the defendant was out of the State at the time of the commencement of the suit, and had no notice thereof; and that the Justice

ORLEANS,
March,
1833.

Davis
vs.
Beebe.

caused the action to be continued, &c.—See Statute, page 129, Section 18.

No writ of review lies, except where it is expressly given by statute.—1 Aik. Rep. 110. The declaration in such case should show all the facts necessary to bring the case within the provisions of the statute, as all those are essential to the plaintiff's right of recovery.—1 Swift's Dig. 598.—1 Ch. Pl. 218.—1 Saund. Pl. 415.

2d. This case is analogous to actions on statutes, where every fact, necessary to bring the case within the provisions of the statute, must be alleged and proved.—1 Ch. Pl. 359.—5 Mass. Rep. 270.—13 John. Rep. 428 & 468.— 5 Com. Dig. Pl. c. 76, p. 360.—2 Saund. Pl. 830. The declaration should show that the cause of action was within the jurisdiction of the justice, being a *special action* in an *inferior* Court.—1 Term Rep. 151.—1 Aik. Rep. 302, *Hubbard et al.* vs. *Davis et al.*—1 Ch. Pl. 279 & 280.— Cowen's Dig. 428–9, No. 112 to 116 inclusive; also, No. 121 & 122.—1 N. Y. Dig. p. 2, No. 11, & p. 3, No. 27.

3d. Under this view of the case, it was necessary for the present plaintiff to allege that he was out of the State, and that he had no notice of the first suit; for these facts were material, and the plaintiff could not sustain his suit without the allegation and proof of both; of course a denial of either of those facts was a sufficient answer to the declaration.—6 Dane, 190.—2 Saund. Pl. 777, *et seq.*—5 Com. Dig. Pl. G. 11, p. 456.—1 Ch. Pl. 602.—1 Sw. Dig. 624: And a conclusion to the country was proper.—*1 Ch. Pl. 536 & 607.*—2 Saund. Pl. 778.—Big. Dig. 584.—5 Com. Dig. 414, E. 32.—1 Sw. Dig. 634.

4th. The allegation that Davis was out of the State, is an affirmative one, and should be proved by him.—*1 Saund. Pl. 490.*

5th. The case of *Marvin* vs. *Wilkins*, 1 Aik. Rep. 107, does not show that the traverse in *this case* is immaterial. The *gist* of the action was, that the complainant never had his day in Court; and the allegation of starting for the State of New-York, was made for the purpose of showing that he was *constructively* out of the State, and consequently, that he could not have had notice of the suit, and his day in Court. The complaint in an action of *Audita Que-*

ORLEANS,
March,
1833.

Davis
vs.
Beebe.

*rela*, is that the complainant has not had his day in Court, and that he is in execution, or in danger of one wrongfully obtained, or wrongfully levied after the judgement upon which it issued had been set aside or released.— *Staniford* vs. *Barry*, 1 Aik. Rep. 321.—*Eddy* vs. *Cochran*, same, 359. But in the present case, no facts are alleged tending to show that by any *construction* Davis was out of the State, but a direct allegation of the fact. This assertion is denied by Beebe, and by the demurrer admitted to be *untrue*, but said to be *immaterial*. It is believed to be past a doubt that if Davis was not either *actually* or *constructively* out of the State, his present action cannot be sustained. Whether Davis has any remedy, may be questionable; as he was within the State, and had legal notice of the suit, though personal notice was not proved. However that may be, it is sufficient at present to show that this case is not provided for by the 8th Section of the justices' act.

6th. It is argued that Beebe has treated this case as coming within the statute, by entering bonds, &c., and ought not now to dispute the assertion. But it is a sufficient answer, that the misapprehension of the plaintiff in that suit, as to law or fact, could not bring the case within the 18th Section, which was not there before; as the bonds, &c. are mere surplusage and useless ceremony.— Besides, the plaintiff in that suit had a right to take measures to protect himself from an *Audita Querela*, if it should afterwards appear that the defendant was out of the State, and had no notice of the suit, without having those precautions adduced as proof that Davis was out of the State, when that fact never was admitted on the justice's records.

The opinion of the Court was pronounced by

WILLIAMS, J.—This cause came before us on a demurrer to the defendant's plea. A writ of review must set forth the fact on which the party relies, as a ground for the relief asked for. It does not at once bring forward the original action, as has been argued; but it may be met by a plea or demurrer as other writs. The Statute of Limitations may be plead to the writ, and though the defences which may be set up are not many, still the facts which constitute a defence, and which afford sufficient reason

ORLEANS,
March,
1833.

Davis
vs.
Beebe.

why the review should not be granted, may be plead in bar to the writ. The statute contemplates a trial, or at any rate that there may be a recovery on the writ and damages awarded if the execution or any part is collected. A recognizance is taken before issuing execution on the judgment on which a review may be asked for, to refund and pay back what may be recovered on the writ of review. The question before us is, whether the plea of the defendant in this suit, is such as he may interpose to avoid the review.

It has been laid down in the case of *Marvin* vs. *Wilkins,* 1 Aik. 107, and it is a correct proposition, that no review can be allowed except in cases where it is given by statute. But inasmuch as this writ is given for the purpose of relieving one, against whom a judgement is rendered in his absence from the State, and who has no notice of the suit, and as it is contrary to the very first principles which obtain in relation to proceedings in courts of justice, and in relation to judgements, that any judgement shall be valid, rendered against a man who has no notice or knowledge of any proceedings against him, and as the object of the writ is simply to obtain a trial of the matter in controversy between the parties, when no trial has been had; the statute in question ought to receive a liberal construction, so as to advance the remedy given therein.

The plea in this case denies the fact that Davis was out of the State at the time the judgement against him in favor of Beebe was rendered : this leaves the other fact admitted, to wit, that he had no notice of the suit.

When a judgement has been rendered by a Justice of the Peace against a man who was out of the State at the time, and had no notice, and where no continuance was granted by the Justice, or recognizance taken of the creditor for refunding in case a writ of review should be brought, it has been determined by this Court, in the case of *Marvin* vs. *Wilkins,* above referred to, that an *Audita Querela* is the appropriate remedy for the person against whom the judgement was rendered; but when the cause was continued, and the recognizance taken, the remedy must be by writ of review.

The enquiry then must be, whether, when a plaintiff

ORLEANS,
March,
1833.

Davis
vs.
Beebe.

procures a cause to be continued for the purpose of giving notice to a defendant, and further on obtaining a judgement after such continuance, enters into a recognizance to refund and pay back what may be recovered on a writ of review, he is at liberty, when such writ is brought, to treat this as an unnecessary and unmeaning procedure, and contend that his judgement was obtained against a person residing in the State, and having notice of the process.

Now it is conceded, that upon the fact admitted by the demurrer, viz. that Davis had no notice of the process on which the judgement was rendered, that he has a remedy; but it is contended that it should have been by writ of *Audita Querela*. It appears to us however, that if he had brought such a writ, he would have been told that he had mistaken his remedy, and that he should have brought a writ of review; that the judgement was taken against him, on the supposition that he was out of the State, and had no notice of the suit; and the appropriate security was given by way of recognizance, that the judgement should not prejudice him if it ought not to have been rendered, as was rendered, for too large a sum, and to ensure him a trial on the merits if he wished for it.

In this case, the records of the Justice before whom the original judgement was randered, are not a part of the pleadings, and must therefore be taken to be as they are set out in the writ. From this it appears that the suit was commenced by Beebe against Davis, returnable the 23d day of August, 1828; that at the return day, the cause was called, and the defendant not appearing, it was continued until the 25th day of the same August, on which day a judgement was rendered by default.—That execution did not issue until the 6th September, 1828, previous to which the attorney for the plaintiff entered into a recognizance agreeably to the statute in that behalf.

These are the proceedings to be had, when it appears to a Justice, before whom a suit is brought, that the defendant was out of the State at the time of commencing the suit, and at the time therein set for trial; and was so remote from the place of trial, at the time to which it was continued, that he could not probably have had notice of the

ORLEANS,
March,
1833.

Davis
vs.
Beebe.

suit. It is true that it is not said in words that it appeared to the Justice that the defendant was out of the State; but it is said the cause was continued for notice to the defendant. As the writ was regularly served, and such notice was given, as gave the Justice jurisdiction of the parties, this continuance for notice is equivalent to saying that the defendant had not before had actual notice of the suit; and taken in connexion with the after proceedings, the legal inference therefrom is, that it appeared to the Justice that defendant was out of the State. The result to which we have arrived is, that the proceedings before the Justice is equivalent to a legal adjudication in that suit; that the defendant therein was out of the State, and is not afterwards to be put in issue by a denial of that fact.—That when a plaintiff and Justice have both proceeded on the ground that a defendant was out of the State, and continued the cause, and the requisite security has been entered into for ensuring a trial on the merits, and refunding what may be recovered by writ of review, the plaintiff is not at liberty when such writ is brought as a defence thereto, to select either of these facts, to wit, the absence of the defendant from the State at the commencement of the suit and return of the writ, or his not having notice of the suit and deny them by a plea.—That having made it appear to the satisfaction of the Justice that a defendant was out of the State at the time of commencing a suit, (which it must be taken for granted was done, or the Justice would not have continued the cause for notice and taken the recognizance) he must consider that as a fact not to be disputed in any after proceedings.

The judgement of the County Court is therefore reversed, and judgement must be entered that the plea of the defendant is insufficient, and that the review is allowed.

The cause will be remanded to the County Court for trial of the original action. And whatever the damages the plaintiff Davis, may recover, will be entered as damages in this suit.

BAYLIES, J., dissenting.