THOMAS KIDDER v. JOHN C. HADLEY.

*Audita Querela. Notice necessary to one who is a resident of the State, but out of the State at the time of the commencement of the suit, &c.*

The duty imposed upon the judge allowing a writ of *audita querela*, (Comp. Stat. 292, § 8,) to take a copy of the whole process and recognizance, " and file the " same in the office of the County Clerk, in the county in which such writ is al- "lowed," is directory in its character, and if any injury results from the neglect of the judge to so leave a copy, it should not be visited upon those, upon whom no duty was imposed, or obligation rested for its performance.

Where a defendant, who was a resident of the State, is out of the State at the time of commencing a suit, and the return does not show notice, the plaintiff must prove notice before judgment is rendered, and that fact must appear on the face of the justice records, or proceedings must be had ageeeably to the 58th and 59th sections of the Comp. Stat., page 236; otherwise the judgment will be vacated on *audita querela.* See *Marvin* v. *Wilkins,* 1 Aik. 107.

And where in such a case, the records show that a person appeared and requested that the case be continued, and it appears that said person, at the time, did not profess to have authority from the defendant, but asked for the continuance that he might notify the defendant of the pendency of the suit, the case stands as if no such appearance had been entered upon the records; and on trial of the *audita querela,* proof of such notice, in fact, will not aid the records of the justice.

AUDITA QUERELA brought to set aside a judgment recovered by said Hadley, against the plaintiff, before a justice of the peace, on the 26th day of January, 1850. The plaintiff also filed an additional count, to which the defendant objected, and excepted.

The defendant pleaded the general issue, and the case was tried by jury.

On trial, the plaintiff read in evidence, a certified copy of the justice writ and officer's return thereon, and the record of the proceedings and judgment before the justice. It appeared from the return on said writ, that the same was served by an authorized person, by attaching certain property of the said Kidder, in Waterford, and by leaving a copy with a tenant of the said Kidder, who was on his farm in said Waterford. The plaintiff also proved, that at the time of the service of said writ, he resided with his family in Windsor, in this State, and had so resided for some years, and was a housekeeper there, though previous to the service of said

writ, he had engaged to preach in Canton, Mass., for one year, and was himself, part of the time at Canton, and a part of the time at Windsor, until he removed his family to Canton, sometime after the recovery of said judgment by the said Hadley.

The defendant, on his part, offered in evidence the original files of the justice; and also offered the justice as a witness; also an amended return made by the authorized person; and also a minute on the said writ, that one Ephraim Blodgett appeared, as agent for the plaintiff, Kidder, and requested that said cause be continued. It appeared by the evidence of said justice, that said amended return, and also his minute of the appearance of said Blodgett, were both made sometime after the rendition of said judgment, and since the pendency of the present suit or writ of *audita querela.* It also appeared from the evidence of the said justice, that at the time said Blodgett so appeared and requested that said cause be continued, he stated that he had no authority to appear for said Kidder, and did not profess to appear for him; but he wished to have the continuance, that he might give notice to the said Kidder of the suit.

The defendant also offered evidence, tending to prove that said Kidder was notified, by a letter from said Blodgett; and that on the 12th day of January, 1850, said Kidder, supposing that said Hadley had obtained judgment, in said suit against him, wrote to said Blodgett, to have him bid off the property, if sold on Hadley's execution.

The defendant insisted, that the amended return, and the minute made by the justice, on the writ, were conclusive and could not be contradicted,—that if Kidder had notice of the suit, before the rendition of judgment, in season to have appeared and defended the same, then this action could not be maintained to set aside the judgment.

But the court charged the jury, that said amended return and minute by the justice on the writ, were not conclusive of the facts stated, but were open to explanation, or contradiction, by other evidence. And also, that if from all the evidence, they found that at the time of the service of the writ, the said Kidder had a known and fixed residence at Windsor, where his family were then residing, there was no proper service of said writ upon him; and although he might have received notice thereof from his tenant,

Blodgett, before rendition of final judgment, still such judgment was irregular, and the plaintiff would be entitled to a verdict.

To this charge of the court the defendant excepted.

The defendant also, at a former term of the County Court, filed a motion to dismiss the suit, because the judge allowing the writ, did not take a copy thereof and file the same with the clerk of the County Court; and also, because the judge who granted the supersedeas of the judgment rendered by the justice, did not take a copy of said writ and recognizance in the case, and file the same in the office of the clerk of the court of the same county, to which said writ was made returnable, &c.

The County Court,—POLAND, J., presiding,—overruled the motion, to which the defendant excepted.

The jury returned a verdict for the plaintiff, and the case came to this court upon two bills of exceptions.

*J. Beckwith* and *G. C. Cahoon* for defendant.

The papers show a meritorious claim, on the part of Hadley, and that Kidder had notice of the pendency of the suit before judgment, and that he could, if he would, have appeared and had a trial before the justice, if he had any defence.

The complainant will not be allowed to prove any cause for setting aside an execution or judgment, other than such as are set up in his complaint. *Hayes* v. *Blanchard*, 4 Vt. 210.

The plaintiff has alledged no sufficient reasons for setting aside the said judgment, and whether or not they were sufficient, is only known by "abandonment" by plaintiff of the original process and the substitution of another, to which the defendant objected, and was overruled.

The statute has prescribed the mode, and the form of the writ, and the manner of authentication; by a comparison, it will be perceived that there has not been a conformity in the precept, with the requisitions of the law, and unless the legal requirements be treated as a nullity, there is error in sustaining the proceedings. The judge granting the writ failed to file a copy with the clerk of the County Court, &c., as required by statute to do. To show that the plaintiff has not complied with the requisitions of the law, we refer to the following authorities. Audita querela, how to issue, Comp. Stat., 244 § 18. Allowance and recognizance, Comp. Stat.

292 § 6 and 7.   Judge to take copy and recognizance—brought to issue without affidavit.   Comp. Stat., 292 § 8, 11.

Audita querela will not lie to set aside a former judgment, where the defence could have been made in the original suit, unless such defence was prevented by the fraud of the opposite party.   *Barrett* v. *Vaughn,* 6 Vt. 243.   And where the party has had a legal opportunity for defence, or where the injury of which he complains is to be attributed to his own neglect, he cannot be relieved by audita querela.   *Staniford* v. *Barry,* 1 Aik. 321.   Nor will it lie to revise the decision of the court, in reference to the authority of a person to appear and answer for a party in the case.   *Sutton et al.* v. *Tyrrell,* 10 Vt. 87.   Nor where the matter of complaint is proper subject for writ of error.   *Weeks* v. *Lawrence,* 1 Vt. 433.   *Little* v. *Cook,* 1 Aik. 363.   *Spear* v. *Flint,* 17 Vt. 497.   Nor will it lie, though such writ of error be taken away by statute.   17 Vt. 497 *supra.   Dodge* v. *Hubbell,* 1 Vt. 461.

Audita querela will lie where the party has imposed upon the court, &c.—but where the act of the court, is the ground of complaint, the party must resort to his writ of error.   *Little* v. *Cook,* 1 Aik. 363.   *Titlemore* v. *Wainwright,* 16 Vt. 173.   It is the *misconduct of the party,* that will entitle the opposite party to an audita querela.   *Weeks* v. *Lawrence,* 1 Vt. 433.

*M. Hale* and *J. D. Stoddard* for plaintiff.

The admission of the count filed by plaintiff, presented to the court below, a question for the exercise of their discretion, to be decided by their own rules, and cannot be revised in this court. *Finney* v. *Hill,* 11 Vt. 233.   *Cummings* v. *Fullam,* 13 Vt. 441. *Carpenter* v. *Thayer,* 15 Vt. 552.

The omission of the judge to file a copy, does not prejudice the defendant in this case, or affect the jurisdiction, or any of the proceedings as a preliminary requisite, and therefore could not be reached by a motion to dismiss.

The minute made, by the justice, upon the files of the original action, after judgment, and while this action was pending, was no part of the record, and like any other private memorandum might be explained or contradicted.   *Commonwealth* v. *Bullard,* 9 Mass. 270.   *Brier* v. *Woodbury,* 18 Mass, 362.

The remaining part of the exceptions show that the writ was

not served upon Kidder, in any of the ways required by law, he being a resident of the State, at the time the attachment was made, and that he thereby was deprived of his day in court.

The opinion of the court was delivered by

ISHAM, J. The questions in this case arise, upon two bills of exceptions, one allowed on a motion to dismiss, the other on the trial of the merits of the case. The motion to dismiss was properly overruled. The only cause assigned in the motion, is the neglect of the judge signing the writ, and granting the supersedeas, to take a copy of the whole process and recognizance, and to cause the same to be filed in the office of the county clerk. That duty is imposed upon the judge by the statute, page 292, § 8, but the consequence resulting from a neglect in the performance of that duty is not declared. The duty is not imposed on the party praying out the writ, and its performance is a matter beyond his control or direction; the provision is not for his benefit, but for that of the defendant, the performance of which is made to rest personally upon the judge granting the writ. The act is therefore directory in character, and if any injury results from the neglect, it should not be visited upon those upon whom no duty was imposed, or obligation rested, for its performance.

The objections taken to the insufficiency of the recognizance, and the oath on the allowance of the supersedeas, are not properly before this court. No reference is made to those matters in the motion to dismiss; and from the exceptions, it does not appear, that any questions of that kind were raised or passed upon, in the trial of the case in the County Court. For these reasons, we think the motion was properly overruled.

The judgment of the County Court, on the exceptions allowed on the merits of the case must also be affirmed. The judgment of the justice was evidently improperly rendered, and by repeated decisions of this court, the plaintiff is entitled to relief under this process.

The case of *Marvin* v. *Wilkins*, 1 Aik. 107, has always been considered the leading case upon this subject, and must be considered as decisive of this. In that case, it was held, that where a writ was served by copy, in the absence of the defendant, who was a resident of the State at the commencement of the suit, and the

Kidder *v.* Hadley.

return does not show notice, the plaintiff must prove such notice before judgment is rendered; and that fact must appear on the face of the justice's record, or proceedings must be had agreeably to the 58th and 59th sections of the Comp. Stat. page 236; otherwise the judgment will be vacated on *audita querela.*

The writ upon which this judgment was rendered, was made returnable on the 7th day of January, 1850, and served by the attachment of property, and by leaving a copy in the hands of one Ephraim Blodgett, who had the property in his possession and custody, for the reason, as stated in the return, that the defendant, at the time of the service of the writ, was in Canton, under an engagement for one year, and that his family resided in Windsor, in this State. Upon these facts, notice of the suit should have been proved before judgment was rendered, whether his legal residence was in Canton or Windsor; and the fact that such notice was given should appear in the justice records; otherwise the judgment will be vacated, unless recognizance for a review was taken. The record in this case shows no such notice, or recognizance; and it is not sufficient to prove such notice in fact, on the trial of this suit, as that will not aid the record of the justice. The record, in fact, does not show any such notice, unless the appearance of Ephraim Blodgett, and his request for a continuance, will have that effect.

But no such effect can be given to that appearance, as the justice states that he was then informed that he appeared without authority from Mr. Kidder, and that he did not profess to appear for him. The defendant in that suit, therefore, should not be concluded by that unauthorized act of Blodgett, and the case stands, as if no such appearance by Blodgett had been entered upon the records.

The defendant in that suit has therefore evidently been deprived of his day in court, and the judgment was erroneously rendered, and should be set aside.

The judgment of the County Court must therefore be affirmed.