## ROLLINS *v.* CLEMENT.

*Absent Defendant.   Continuance for Notice.   Gen. Sts. c. 31. s. 50.*

To continue for notice under s. 50, c. 31, of the Gen. Sts., is the imperative duty of the justice; and if it be not done, the judgment may be set aside by *audita querela.*

AUDITA QUERELA to set aside a judgment of a justice of the peace.   Plea, not guilty, and trial by the court, December Term, 1875, Ross, J., presiding.

It appeared that on November 11, 1873, the defendant brought assumpsit against the plaintiff, returnable before a justice of the peace on November 28, summoning Thomas Richards as trustee, and setting up plaintiff as resident of Massachusetts ; that service was made by delivering to the trustee a copy of the writ, and leaving with him a copy for the plaintiff, who was, in fact, then resident out of the state ; that on the return day of the writ, plaintiff being still resident out of the state, and having no notice of the pendency of the suit, the justice, without notice being proved or continuing the case for notice, rendered judgment against the plaintiff by default, and adjudged the trustee liable ; and that, on November 20, 1874, the justice issued execution on the judgment against the trustee, to which was attached a recognizance for review of that date, entered into by the defendant and one Damon at some time of which there was no evidence except upon the face of the recognizance itself.

The defendant claimed that although there was no continuance for notice, yet, as the plaintiff had a remedy on the recognizance, *audita querela* would not lie.   But the court held that all the requirements of the statute should have been complied with, and rendered judgment for the plaintiff, setting aside the judgment of the justice ; to which the defendant excepted.

*M. Montgomery,* for the defendant, cited *Hayes* v. *Blanchard,* 4 Vt. 210 ; *Walker* v. *Briggs,* 11 Vt. 84 ; 2 Stark. Ev. 935 ; *Lamson* v. *Bradley,* 42 Vt. 165 ; *Titlemore* v. *Wainwright,* 16 Vt.

173 ; *Spear* v. *Flint*, 17 Vt. 497 ; *Dodge* v. *Hubbell*, 1 Vt. 491 ; *Weeks* v. *Lawrence*, 1 Vt. 433 ; *Little* v. *Cook*, 1 Aik. 363 ; *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Alexander* v. *Abbott*, 21 Vt. 476 ; *Whitney et al.* v. *Silver*, 22 Vt. 634 ; *Stevens* v. *Fisher*, 30 Vt. 200 ; *Stearns et al.* v. *Wrisley*, 30 Vt. 661 ; *Aldrich* v. *Bonett*, 33 Vt. 202 ; *Braynard et al.* v. *Burpee*, 27 Vt. 616 ; *Herriman* v. *Swift*, 31 Vt. 385 ; *Bradish* v. *Redway*, 35 Vt. 424 ; *Suttons* v. *Tyrrell*, 10 Vt. 87.

*L. D. Hathaway*, for the plaintiff, cited *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Kidder* v. *Hadley*, 25 Vt. 544 ; *Stearns* v. *Wrisley*, 30 Vt. 661 ; *Alexander* v. *Abbott*, 21 Vt. 476 ; *Stone* v. *Seaver*, 5 Vt. 549 ; *Eastman & Paige* v. *Waterman*, 26 Vt. 494 ; *Stevens* v. *Fisher*, 30 Vt. 200.

The opinion of the Court was delivered by

REDFIELD, J. This is *audita querela* to set aside a justice's judgment. In that suit the writ was not served on the defendant. He was set up in the writ as resident of Massachusetts, and a copy of the writ was left with the trustee for him. The cause was not continued for notice, as required by statute, and he had no notice in fact until long after the return day of the writ. It is claimed that a proper recognizance for review was entered into before execution was issued against the trustee. The court adjudged that all the requirements of the statute must be complied with before execution could issue against the property of the absent debtor, and for this, error is assigned. The leading case of *Marvin* v. *Wilkins*, 1 Aik. 107, decides that this writ is the proper remedy where there is no personal service, and the defendant was out of the state at the time the action was commenced, and the provision of the statute is not complied with. The court say: " If it does not appear by the officer's return that the defendant has personal notice of the suit, the plaintiff should prove notice before he takes default, or else have the cause continued as directed by the statute." The statute is mandatory as to the continuance ; and the justice may, in his discretion, continue the case a second time, for notice. It is a fundamental axiom of jurispru-

dence, that no valid judgment can be rendered against the person of a defendant, without notice and the opportunity to meet and contest the claim. The Legislature may declare the method of serving process, and what shall be deemed legal presumptive notice to a defendant. It may direct that a certified copy of the process be left at defendant's "last and usual place of abode," or "with the person summoned as trustee in the suit," or "with his agent," or there may be notice "by publication," or a case may be "continued for notice." But in all cases statutory requirements must be complied with, or there has been no service of the process. In the case of *Kidder* v. *Hadley*, 25 Vt. 544, it appeared that defendant was out of the state, had no notice in fact, and the case was not continued for notice, nor recognizance taken for review, and ISHAM, J., in giving the opinion of the court, says : "The fact that such notice was given must appear in the justice's record, otherwise, the judgment will be vacated, *unless recognizance for review was taken*." From this it might be inferred that the court held that in such case, if the cause was not "continued for notice," still, if there were recognizance for review, such defect of service was cured, and the judgment could not be vacated by *audita querela*. But the case called for no such discrimination, as there was neither continuance for notice nor recognizance for review. In *Eastman & Paige* v. *Waterman*, 26 Vt. 499, the same learned judge says : "If notice has not been given, the justice, *after the first continuance*, may render judgment by default," and, by necessary implication, affirms that without such continuance, no legal judgment could be rendered. In *Stevens* v. *Fisher*, 30 Vt. 200, the justice continued the case for notice, but for a single day. BENNETT, J., in the opinion of the court, says : "In this case the justice continued the cause once, upon the ground that the defendant was out of the state, and because he had had no notice of the suit, and we do not see but what the statute was, in form, complied with so as to render the judgment valid until reversed on writ of review. The first section of the statute requires the justice to continue the action for a time not exceeding one month. This is imperative upon the justice. A second continuance was within his discretion."

And in reply to the argument that the proceedings were fraudulent, the learned judge continues : " It does not seem to be such a continuance as was well calculated to subserve the ends of the statute ; but this was a matter within the cognizance of the justice, and cannot, upon the face of the record, invalidate the judgment."

The statute has made the continuance for notice an " *imperative* duty on the justice," in order to obtain jurisdiction over the property of an absent debtor ; and we think, if that " imperative " and mandatory requirement of the statute is not complied with, the judgment is invalid, and may be set aside by *audita querela.*

Judgment affirmed.