### JAMES A. HAWLEY *v.* HARLOW E. MEAD.

*Continuance for Notice.    Recognizance for Review.*
*Gen. Sts. c. 31, ss. 50, 52.*

The requirement of continuance for notice and recognizance for review, under sections 50, 52, c. 31, Gen. Sts. is imperative; and, when a judgment rendered in a cause where that requirement was not complied with is sought to be set aside by *audita querela*, the record of the justice is conclusive in regard thereto—the court will not presume compliance nor find it from evidence *aliunde*.

AUDITA QUERELA to set aside a judgment of a justice of the peace whereby one was adjudged chargeable as trustee of the plaintiff in an action at suit of the defendant. Plea, general issue,

and trial by the court, September Term, 1879, ROYCE, J., presiding.

The plaintiff introduced in evidence a certified copy of the justice's record, whereby it appeared that he was in that action set up as of St. Armand, Province of Quebec, that service of process on him was made only by leaving a copy thereof for him with the trustee, and that he did not appear and was defaulted. He also introduced evidence tending to prove payment to the present defendant by the trustee of the sum for which he was adjudged chargeable. The defendant then offered evidence tending to prove that the copy of the writ that was left for the plaintiff was by the trustee sent by mail to the plaintiff, who then lived at St. Armand, about sixteen miles from the place of trial, and was received by the plaintiff in such season that he might have been present at the place of trial on the return day of the writ, if he had chosen so to do. The plaintiff objected to the admission of the evidence, but it was admitted, and to its admission the plaintiff excepted. The plaintiff's evidence tended to prove that the copy was not received seasonably as aforesaid. The court found that the copy was received three to five days before the return day and soon enough so that the plaintiff might have appeared and defended, if he had chosen to do so; and rendered judgment, *pro forma*, for the defendant for his costs; to which the plaintiff excepted.

*C. G. Austin*, for the plaintiff.

The requirements of the statutes were not complied with, and the judgment should be set aside. Gen. Sts. c. 31, ss. 50, 52, c. 33, s. 49; *Marvin* v. *Wilkins*, 1 Aik. 107; *Alexander* v. *Abbott*, 21 Vt. 476; *Whitney* v. *Silver*, 22 Vt. 634; *Kidder* v. *Hadley*, 25 Vt. 544; *Rollins* v. *Clement*, 49 Vt. 98; *Folsom* v. *Conner*, 49 Vt. 4. The fact that the defendant collected the amount of the judgment of the trustee does not relieve him of the duty of entering into recognizance for review. It was error to admit the evidence showing notice. *Eastman* v. *Waterman*, 26 Vt. 494; *Kidder* v. *Hadley*, *supra*.

*C. P. Hogan* and *J. I. Gleed*, for the defendant, contended that it would be presumed, the record being silent in regard thereto, that the statute was complied with, and cited *Ellsworth* v. *Learned*, 21 Vt. 535, and *Underwood* v. *Hart*, 23 Vt. 120.

The opinion of the court was delivered by

VEAZEY, J.    This is *audita querela* to set aside a justice judgment rendered in a trustee suit.    The defendant Hawley in that suit was set up in the writ as of St. Armand, Province of Quebec, and a copy of the writ was left with the trustee for him, and was served on him in no other way.    The justice record shows that on the return day of the writ the defendant did not appear and was defaulted.    The exceptions state that the County Court found upon parol evidence received under objection, that the defendant in the justice suit received from the trustee the copy of the writ left with him for the defendant from three to five days before the return day thereof, and in season to have appeared and defended said suit, if he had chosen to do so.

In *Kidder* v. *Hadley*, 25 Vt. 544, the writ was served by the attachment of property and by leaving a copy in the hands of a person having the property in custody, for the reason, as stated in the return, that the defendant, at the time of the service, was in Canton, Mass.    In that case ISHAM, J., says: " Upon these facts notice of the suit should have been proved before judgment was rendered, . . .    and the fact that such notice was given should appear on the justice records ; otherwise the judgment will be vacated, unless recognizance for review was taken.    The record in this case shows no such notice or recognizance, and it is not sufficient to prove such notice in fact, on a trial of this suit, as that will not aid the record of the justice."    As shown by REDFIELD, J., in *Rollins* v. *Clement*, 49 Vt. 98, the alternative mentioned by Judge ISHAM was probably an inadvertence.    The statute has provided a method of obtaining a valid judgment against a party upon whom no service of the writ can be made by reason of his absence from the State, but in such cases the statutory requirements must be complied with.    They are " mandatory " and " imperative."    *Rollins* v. *Clement, supra*.    And when

44

a judgment is attacked, the party who obtained it is concluded by the record as to whether the statute has been complied with. The court will not presume a compliance in the absence of express statement in the records, or find it from evidence *aliunde* the record. The statute directs one continuance where the service was such only as this case shows. After that it is in the discretion of the justice to further continue the cause for notice, " unless the plaintiff satisfy the justice that the defendant had sufficient notice of the suit to enable such defendant to appear." Gen. Sts. c. 31, s. 51. It does not appear from the justice record in this case that there was any continuance for notice, but the reverse ; neither that any notice in fact was given ; neither that any recognizance for review was taken.

The principles governing this class of cases have been repeatedly stated and discussed by the learned judges in the numerous cases cited by counsel on both sides, and recently by REDFIELD, J., in *Rollins* v. *Clement, supra,* and taken together they fully cover this case.

*Judgment reversed, and cause remanded.*