JOSEPH W. MARTIN, defendant below, *vs.* ELIJAH BLODGET, NEWCOMB BLODGET, and SAMUEL BLODGET, plaintiffs below.—*IN ERROR.*

If, in a declaration for breach of a warranty that a horse is sound, it be not alleged wherein the unsoundness complained of consists, it would be fatal on demurrer, but is cured by verdict.

So, if the consideration of the promise be defectively stated, it is also cured by verdict.

In an action commenced before a justice of the peace, matter in abatement ought to be pleaded on the first day of appearance there; and, if not so pleaded, but on appeal, is first pleaded in the county court, the plea will be rejected, as out of time, unless it consist of such matter as cannot be waived by pleading to the merits of the action.

Where, on an appeal, a justice's record does not show that a plea in abatement was pleaded before him, parol testimony cannot be received to show that such plea was, in fact, pleaded there; but the remedy is to allege a diminution of the record supported by affidavits, and move for a *mandamus* upon the justice, to certify more fully.

THE action below was *assumpsit,* on a warranty upon the sale of a mare, commenced before a justice of the peace. From the record, it appeared, that after several continuances, the defendant below pleaded *non-assumpsit,* and judgment was rendered for the plaintiffs, whereupon the defendant below appealed to the county court. In the county court, he pleaded in abatement, that the writ was not signed by the justice of the peace in his official capacity, but that his name was subscribed thereto by some other person, without averring that the signature was not authorized and directed by him. This plea was either overruled upon demurrer, or rejected as being pleaded out of time. The defendant below then offered parol testimony to prove, that such plea was actually pleaded before the justice, which testimony was rejected by the county court. He thereupon moved the court to order the justice (he then being in court, and the clerk thereof) to amend his record, agreeably to the facts in the case, which motion was denied. He then pleaded the general

*Essex,*
*March, 1826.*

*Martin*
*vs.*
*Blodget et al.*

issue, and a verdict was had for the plaintiffs below. He then moved an arrest of the judgment, for the insufficiency of the declaration; *first*, in that it did not allege wherein the unsoundness of the mare consisted; and *secondly*, for that no sufficient consideration for the promise was set forth. This motion was also overruled, and judgment rendered on the verdict.

A bill of exceptions having been tendered and allowed, whereby these matters were brought upon the record, this writ of error was brought, and the following errors were assigned:

1. In that the declaration was adjudged to be sufficient.

2. In rejecting the parol evidence of the plea in abatement before the justice.

3. In denying a rule upon the justice to amend his record.

4. In overruling the plea in abatement.

5. The general error.

Plea, *in nullo est erratum.*

*Hibbard*, for the plaintiff in error, insisted, *first*, that the plea and demurrer substantiated the fact, that the writ was not signed by the justice, and was, therefore, void.

A writ is void when filled up without proper authority, and subjects the officer serving it, to an action of false imprisonment. —*Burstem* vs. *Ferne*, 2 *Wils. R.* 47.

The signing a writ and taking of a recognizance for costs, are judicial acts, and the justice cannot delegate the authority to another.—*Stat.* 71, *ch.* 7, *sec.* 44 *and* 45.

The recognizance was also void. No person can enter into a recognizance, but before some person authorized by law to take the same. It is an obligation of record, which a man enters into before some court of record, or magistrate duly authorized.—3 *Bl. Com.* 341.

Justices, in this state, are not authorized to sign blanks, to be filled either as summons or attachment, and if they do, the same shall abate.—*Stat.* 135, *ch.* 9, *No.* 2.

He insisted, also, that the Court should have admitted the oral evidence to prove, that the plea in abatement was pleaded at the justice's court, and if proved, should have directed the justice to amend his record agreeably to fact.

*Secondly*, he insisted, that the declaration was defective in substance, in both the particulars specified in the motion in arrest of judgment, and cited *Esp. N. P.* 651.—2 *Bl. Com.* 445–6. —2 *Chitty's Pl.* 102.—He also referred the Court to the *Amer. Precedents of declarations*, 190, *Nos.* 6, 7 *and* 8.

*Cushman*, contra. The declaration is sufficient. (*Stewart* vs. *Wilkins, Doug.* 18.) But if it had been defective, the defects are cured by the verdict. No point can be raised in a court of appellate jurisdiction, which was not raised in the court below.—*Gelston* vs. *Hoyt*, 13 *Johns. R.* 561.

2. Parol evidence is inadmissible to counteract, alter or amend a record, or to supply a supposed defect.—*McLean* vs. *Hugenin*, 13 *Johns.* 184.—11 *do.* 166.—9 *do.* 287.—*Manny* vs. *Harris*, 2 *do.* 24.

A justice cannot give parol evidence of his own record.— *White & Hall* vs. *Hall*, 5 *Johns.* 351.

3. The county court had no authority, on a mere motion and suggestion of counsel, unsupported by affidavits of the facts, to require of the justice to alter or amend his record. And he cited *Robin* vs. *Battey*, decided in this Court, in Caledonia county, September, 1825, and *Probate Court* vs. *Eaton & Baxter*, Orleans county, September, 1825.

4. A plea in abatement cannot be received after a continuance. *A fortori*, it cannot after an *appeal*. (1 *Chitty's Pl.* 447. —*Martin* vs. *Commonwealth*, 1 *Mass. R.* 347.) A plea in abatement after a plea in chief, is a nullity. (*Palmer* vs. *Green*, 1 *Johns. Cas.* 101.) A plea to the merits before the justice, after a plea in abatement, without a judgment of *respondeas ouster*, appearing in the justice's records, would be a waiver of the plea in abatement, before the county court.—5 *Mass. R.* 268.

*Fletcher*, in reply, said the question of jurisdiction never came too late. That it stood admitted by the record, that the justice never signed the writ. That he acquired no jurisdiction therefore, over the suit, and transmitted none to the county court. And consequently, their judgment could not be affirmed.

The opinion of the Court was delivered by

Hutchinson, J. Upon the inspection of this writ of error, it appears that the original action was *assumpsit*, in favour of the defendant in error, against the plaintiff in error, upon a promise that the *mare* delivered by Martin to them was sound; the declaration then averring that she was unsound, but not alleging in what the unsoundness consisted. The action was brought before a justice, and tried there upon the general issue joined to the Court. Then it was appealed to the county court, a plea in abatement filed and rejected or overruled, and the general issue plead and joined to the country, and a verdict for the plaintiffs, the defendants in error, and a bill of exceptions filed and allowed. The plaintiff in error, Martin, now objects that the declaration is bad, for want of an averment or description of the particular unsoundness complained of. This objection would have been fatal on demurrer, but is cured by the verdict. The jury could not have found a verdict for the plaintiffs without finding what the unsoundness was. That disposes of this objection. It is also urged as error, that the declaration is bad, by reason of its not well stating a consideration for the promise declared upon. If, in this particular, there is any defect, it is cured by the verdict. The declaration alleges, in consideration that the plaintiffs would deliver to the defendant, their horse of great value, and receive the defendant's mare in part payment for the same ; the defendant promised, &c. and then avers the delivery of the horse and receiving the mare in part payment for the same. It is argued that such a delivery as here mentioned might convey no property, and of course, would be no valid consideration. The Court, however, consider the neces-

48

sary intendment to be such a delivery as amounts to a transfer, else why receive payment? A delivery and receiving payment is a transfer; besides, the delivery of a horse is a good and valid consideration, at all events, when no question of fraud is raised. The amount of consideration usually forms an important part of the testimony, where a sale is attached with the defence of fraud or overreaching, but not so in other cases. The objections to the declaration do not avail the plaintiff in error. The other questions litigated arise upon the plea in abatement. It appears by the justice's record, that the cause was several times continued before a trial was there had, and no mention is made in the record of any plea in abatement before the justice. But such plea was plead before the county court, and it seems, by the bill of exceptions, that the same was demurred to. But there is no demurrer brought up with the record, and, from all the record, beside the exceptions, we should suppose the plea was merely objected to as being plead of out of time, and rejected by the county court for that reason.

The Court did right in rejecting the plea as out of time, unless it was plead before the justice on the first day of appearance there, or, unless it consisted of such matter as cannot be waived by pleading to the merits.

The subject matter of this plea in abatement is, that the justice to whom said writ was returnable did not sign it, but his name was subscribed to it by some other person than the said justice.

Now it is a rule of law, that nothing is intended in favour of a plea in abatement, but what is expressly alleged in it. The averment in this case goes only to the hand writing. Nothing is said about its being done without the consent or approbation of the justice. The first clause standing alone, that the justice did not sign it, would be much stronger than it now is. That might be said, with some plausibility, to mean, that he did not sign it in any way by himself, or any other. But the explanation confines it to the hand writing. Now if there is any case, or one can be conceived, in which a justice can validly sign a writ by the help of another, and not in his own hand writing, this plea must be presumed to mean a case of that nature. Whenever a man directs another to sign his name to a contract and it is done, it is as binding upon him who directs it, as if in his own hand writing. And a case may happen, when a magistrate needs to sign a writ or an execution, and is prevented from using the pen, by wounds upon his hands. Is there no way for his name to be legally there? If so, should he have rendered several judgments, which lie without executions, there could be no executions, and the bail would be discharged; and should he sicken and die before he should be well enough to write, new suits upon the judgment would become necessary. This would be an injury to all parties, which might be avoided by the justice's doing the whole business of writing by another.—Tell what to write, and see that it was done as he directed, and call it his own.

But it is objected, that when a justice signs a writ, he takes a recognizance, which is a judicial act, and must be done by him alone. This is true ; let it be so done by all means; let the justice call upon the bondsman and have him acknowledge himself recognized, and then let the justice see to it that the minute and record are made, and his name put to the same by himself or by his express directions.

Prudence will dictate, that business should not be done in this way without some strong necessity for it; because the hand writing alone will not furnish evidence of the whole transaction, and witnesses relied upon may be, and soon must be gone.

Upon the whole, this plea, even if plead in season, as a plea in abatement, needs further averments to show it unauthorized by the justice, to render it efficacious to abate the writ. Much more does it fall short of showing the writ void, so as to admit the objection, after a plea to the merits, and a trial upon such merits, and an appeal to a higher court.

But it appears that oral testimony was offered before the county court, to prove that the subject matter of this plea was plead in abatement before the justice. This testimony was rejected; this rejection was correct. It is the duty of the justice to certify up the whole record with the appeal. And the copies he sends are to be presumed to be the whole the case affords. (*See* 2 *D. Chip. R.* 108, *Stone* vs. *Proctor.*) If it is not so in fact, the only remedy is, to allege a diminution of the record, supported by affidavits, and move for a mandamus upon the justice to certify more fully. The rule that pleas in abatement should be plead in the outset, if ever, is founded on the best of reasons, for it saves both parties all such expense about the trial of the merits, as would be useless in case the writ should abate.

> The judgment to be entered, is, that there is no error; that the judgment of the county court be affirmed, and the defendant recover the costs of this writ of error, and that only, as the parties are agreed that the former judgment is satisfied.

*D. Hibbard, jr.* and *Isaac Fletcher*, for the plaintiff in error.

*Seth Cushman*, for the defendants in error.