# ORLEANS COUNTY.

## March Term, 1835.

Present, Hon. STEPHEN ROYCE,  
　"　　"　JACOB COLLAMER, } Assistant Justices.  
　"　　"　JOHN MATTOCKS,

Orleans,  
March,  
1835.

JONATHAN CHASE vs. JOHN L. DAVIS.

*Dictum*—A petition for a new trial under the statute of 1829 is addressed to the *discretion* of the county court, and a refusal to allow it or a dismission of the same, on hearing, cannot be revised by exceptions, as on error, by the supreme court.

The receiving and entertaining a dilatory plea, contrary to the *rules of practice* in the county court, cannot be assigned for error or be revised in the supreme court.

An original writ of summons cannot be served *by reading*, without copy.

In case the citation attending such petition be not served by copy, the petition cannot be sustained.

This was a petition addressed to the county court, representing that the petitionee had, before a justice of the peace, recovered against the petitioner a judgment by default unjustly; the petitioner having by accident and mistake, attended said court on a wrong day, and that manifest injustice had therein been done the petitioner, especially in the assessment of damages; and praying for a new trial. A citation in due form of law attended said petition, but the return of the officer thereon was, that he served the same by reading the same in the hearing of the petitionee.

At the county court, on the fifth day of the term, and without any special leave of the court had for that purpose, Davis filed his motion, in writing, to dismiss said petition on account of the manner in which the citation was served. He also, by leave of court, and without prejudice to his motion to dismiss, filed his demurrer to said petition; and both were heard together by the court.

ORLEANS,
*March*,
1835.

Chase
*vs.*
Davis.

The petitioner relied on the rule of the county court, which required all dilatory pleas to be filed by the opening of the court on the second day of the first term. It appeared that Story and Weed had entered an appearance for Davis on the first or second day of the term, and the counsel for the petitioner insisted that the appearance of the petitionee by his counsel in season, and this followed by a neglect to plead in abatement, operated to cure any defect in the service. The court adjudged that the motion to dismiss should prevail, and dismissed the petition; to which the petitioner excepted, and the cause passed to the supreme court.

*Starkweather for the petitioner.*—1. This motion ought not to be entertained, because if the service be defective, it is the ground of a dilatory plea, which by the rules of the county court must be filed with the clerk by the opening of the court on the second day of the first term.—Rule 3d. And the party having entered a general appearance upon the docket, should not by his own neglect annul the rules of the court and thereby take the other party by surprize. Hence the defect, if any existed, is waived and defendant estopped from moving this question.—*Tucker vs. Stark* and *Bell*, Bray. Rep. 191. Courts have no favors to extend to dilatory pleas or motions partaking of that nature.—1 Chit. Pl. 444. *Hixon vs. Binns*, 3 Stor. Pl. 186. *Haworth vs. Spriggs*, 8 T. R. 515. *Roberts vs. Moore* 5 T. R. 487-8.

2. But it is contended that the service is good in point of fact. The expression of the statute is, that the petition and citation shall be served on the adverse party in the same manner as original writs are by law served.—Stat. of 1829, p. 4, proviso of 2d section. It is to be noticed that no particular class of original writs is pointed out; therefore if this petition be served in such a manner as would be good in the service of any original writ, it comes within the letter as well as the spirit of the statute. But original writs are served in a variety of ways, and the decisions all go to show, that, so far as mere service is concerned, it is only to give defendant notice of time and place of holding the court, that he may attend and assert his rights; which is the only benefit defendant can derive from the service; all of the other provisions are for the benefit of the plaintiff, and if by him omitted, inasmuch as defendant is not prejudiced, he has no business to complain; and hence it follows, that whenever defendant has notice either by copy, reading in his hearing, or having a view of it and accepting service, it is perfectly good, whether the writ issue as attachment or summons.

ORLEANS,
*March,*
1835.

Chase
*vs.*
Davis.

For it has been decided, that an acknowledgment of service on a writ of attachment is sufficient to hold defendant to trial.—*Brewer et al* vs. *Story et al,* 2 Vt. Rep. 283. Again, it has been determined, that if a writ of attachment be served by leaving a copy with defendant, this will operate as a summons and hold defendant to trial.—*Brewer* and *Emerson* vs. *Story et al.* 2 Vt. Rep. 281. 1 Swift's Dig. 611. And again, that the reading of an attachment is good service.—1 Swift's Dig. 611. And also, that the service of a summons is good by reading.—1 Swift's Dig. 589.

*Story and Wead for the petitioner.*—All acts in derogation of the common law rights of the creditor are to be construed strictly. *Paine* vs. *Eli et al,* 1 D. Chipman's Rep. 1. The act in question certainly takes away the common law right of creditor to collect his debt, and enables the debtor, by a slight variation from the truth, which the humour of the times and the custom of the country will justify, to avoid the payment of a just debt for a greater length of time than reason or equity will warrant. In order then to the jurisdiction of the court, it was necessary that every part of the act should be strictly complied with. The act says that no such petition shall be sustained, unless the same, together with a citation annexed thereto and signed by the chief judge of said court, shall be served on the adverse party *in the same manner that original writs are by law served,* at least twelve days before the session of the court to which such petition is returnable, (Act of 1829, p. 4,) and the law is, that all writs of summons shall be served by leaving with the defendant a true and attested copy of the writ or process with the officer's return thereon.—Rev. Stat. 64. The process in this case was served by reading only and *no copy* was left with the defendant as the act directs. The court was bound to dismiss the cause at any stage of it, when it was ascertained that they had not jurisdiction of the subject matter.— *Chittenden* vs. *Hurlburt,* 1 D. Chipman's Rep. 384. The neglect to plead in abatement does not operate to cure the defect when the court have not jurisdiction of the subject matter.—*Eaton* vs. *Houghton,* 1 Aiken, 380. The rule is, that such defects as might be *amended* are aided by the plea to the merits, but not such defects as would be fatal at any stage of the suit.—*Glidden* vs. *Elkins,* 2 Tyler, 219. The plaintiff's writ must show that the court to which he applies has jurisdiction of his action ; at least the contrary must not appear.—*Bates* vs. *Downer,* 4 Vt. Rep. 178.

ORLEANS,
March,
1835.
———
Chase
vs
Davis.

The counsel on both sides also argued the demurrer to the petition.

The opinion of the court was delivered by

COLLAMER, J.—This petition, like any other petition for a new trial, is addressed to the sound judicial discretion of the court. It was for the county court to dismiss the petition or to grant it on such terms as *the discretion of that court* might dictate. It is clear that the discretionary power of our court cannot be exercised by another, or be revised by a proceeding in error; and therefore this court cannot pass upon the merits of this petition, on demurrer. But if the court below, on an interlocutory question, which was really a question of law, dismissed the petition and refused to exercise its judicial discretion upon the merits, that proceeding may be reversed and the cause remanded to the county court for further proceeding.

It appears there was a motion to dismiss for irregularity of service, which it would rather appear the county court sustained and therefore dismissed the petition. No objection is taken to its being in the form of a *motion* rather than a plea; and probably motion was the right form, as the matter was apparent of the record; and had it been a plea, there might have been an issue to the jury and a verdict, which would have been an anomaly in the law of petition for new trial. It is however insisted, that this was, in substance, a dilatory plea and put in after the rule in the county court for such pleas had expired. The rules of practice of each court are of their own formation, and to be by them enforced or dispensed with, in their own discretion, and on such terms as they may choose to impose. The county court, by entertaining this motion or plea out of the time prefixed by their own rule, have disregarded no *law* and committed no error which can be revised by this court. But the parties here and the court below obviously put this question on entirely different ground, which we will now examine.

By the statute of 1829, a citation in a case like this is required to be served "in the same manner original writs are required by law to be served." Original writs, if attachments, must by law be served by the attachment of property or the arrest of the body, or if served by copy only, they amount to a summons. A writ of summons must be served by copy. Our statute is most clear and imperative.—Stat. p. 64. That service by reading only will not answer has been too often and uniformly holden, especially in re

ORLEANS,
March,
1835.
───────
Chase
vs
Davis.

lation to warning out paupers, to be now questioned here ; however the law may be in Connecticut, as laid down by Chief Justice Swift. This citation not having been legally served, what was the effect ? By this same statute of 1829, it is provided, that unless the citation be so served, *the petition shall not be sustained.* Here the legislature were not content to provide for the mode of service and then leave the consequences of failure like other cases. Nor have they, like the cases of want of recognizance or want of joining the defendant's landlord in ejectment, merely provided the writ should *abate.* They did not leave it to rules of court, or analogies of practice ; but provided by express statute, paramount to rules of court, that *the petition should not be sustained.* The petitionee might have remained absent, and the court could not have proceeded. Being under no obligation to appear, his appearance cured nothing, and he was not within the rule of court. Nothing short of directly submitting the merits to the court by plea could have cured the error.

Judgment of the county court affirmed.