Davis *v.* Richmond,

. REUBEN DAVIS *v.* LORENZO RICHMOND.*

*Process.   Service.   False Return.   Officer.   Return.*

The service of process by an officer of this state by leaving a copy thereof in another state, is invalid; and notice so given may be entirely disregarded.

If an officer's return of the service of process is headed with the name of the state and a particular county, the various acts of service which his return sets forth, unless specifically mentioned as performed elsewhere, will be construed as alleged to have been performed in the county named at the head of the return.

Therefore, where a return, headed with the name of this state and one of its counties, stated that a copy of a petition of foreclosure was left with D., one of the defendants in the process, and no place was specified where such process was left with D., and in fact it was delivered to him by the defendant, a Vermont sheriff, in the state of New Hampshire, and D. did not appear in the cause, and a decree of foreclosure was taken against him, without any continuance of the cause, and a short time fixed for redemption, upon the expiration of which without payment, the tenant of D., then in possession of the premises, was ousted by virtue of the decree; *held,* that D. could maintain an action against the sheriff for making a false return.

CASE against the defendant for making a false return, as sheriff of Windsor county, upon a petition for foreclosure, placed in his hands for service.   .

The facts of the case are sufficiently stated in the opinion of the court.

The defendant pleaded the general issue, and the cause was tried by the court, at the December Term, 1861, BARRETT, J., presiding.

The county court rendered judgment for the defendant, to which the plaintiff excepted.

*D. T. Chase,* for the plaintiff.

*Converse & French,* for the defendant.

---

* This cause was decided at the February Term, 1862, in Windsor county, but the papers in the case were not received by the reporter in season to include it among the cases of that term.

PECK, J.   In this case, which is an action on the case against the defendant, as sheriff of Windsor county, for a false return of service of a process of foreclosure in chancery, in which the plaintiff in this suit was one of the defendants, the question is, *first,* whether, upon the facts stated in the exceptions, the return is in fact false, and if so, then *secondly,* whether it is false in a particular operating to the injury of the plaintiff in this action, and resulting in such damages to him as will sustain an action.

The bill of foreclosure was in favor of Edmund Weston, and returnable to the Orange County Court of Chancery, June Term, 1860.   Smith and Olds and one Manchester were co-defendants with Davis, the plaintiff in this suit.   All the defendants in that process resided in Windsor county, except Davis, who resided in Cornish, in the state of New Hampshire.   The premises, sought to be foreclosed by that bill, were situate in Hartford, in Windsor county, and were in possession of said Manchester, as tenant of Davis, the plaintiff in this suit, Davis having an equity of redemption in the premises, by virtue of a levy of an execution subsequent to the mortgage above mentioned, and subsequent to two other mortgages, one to said Smith and one to said Olds. The bill and subpœna in chancery appear by the case to have been regularly served by this defendant Richmond on all the defendants therein, except Davis, in Windsor county ; and, as to Davis, the case shows that the only service that was made on him was by a true and attested copy of the bill and subpœna left by the defendant Richmond at Davis' dwelling house in Cornish, New Hampshire, on the 14th day of June, 1860.   There is no pretence but that the service on Davis was seasonable, and the return true in respect to the time when it was made.

The first question is whether the service on Davis in New Hampshire was valid—whether the sheriff could make a legal or valid service out of this state.   It is very clear that the sheriff had no official character and no authority as sheriff under that process in New Hampshire, and that the service made by him there was, as an official act, unauthorized and void.   It is true he was sheriff at home in his own state, but in New Hampshire he was no more than any private person, and the leaving of the

copy at Davis' dwelling house in Cornish, New Hampshire, had no more effect as a service or notice than if it had been left by any private person to whom it was not directed, and it gave the court no jurisdiction of Davis, or authority to render a decree against him in the cause. The court by such service acquired no jurisdiction of Davis, as the service was in fact made, and the court upon such service, if truly returned upon the process, could not have proceeded to render a decree in that cause binding upon Davis, in the absence of an appearance on his part. The acquiring of jurisdiction of a party who resides out of the state, and upon whom no service is made within the state, is matter of strict law, and the mode of proceeding prescribed by the statute and practice of the court must be at least substantially followed. The statute provides that in suits in chancery the clerk may issue an order of notice, whereby notice may be given by publication of the substance of the bill, together with the order, in a public newspaper,—a chancellor may issue the order instead of the clerk, or, in analogy to the statute providing for giving such notice in suits at law, the notice may be given under an order of court, made after the cause is entered. It is claimed by the defendant's counsel that, as the defendant had actual notice and an opportunity to appear in the cause, he can not claim that he has been damnified. This is a good answer to the alleged defect of the return of the officer upon the copy, arising from its being written in pencil instead of ink, but the service, being made in New Hampshire, out of the state where the process issued and was returnable, was for that cause invalid, and Davis was not bound to notice it, or to appear in obedience to the process—and this ground of complaint on the part of the plaintiff is not waived by his neglect to appear. He had a right to suppose the officer would return the facts truly, and that the court would refuse to proceed upon such service.

But it is insisted by the defendant's counsel that whether the service was legal or not, is immaterial; that the question is whether the return is true, and that the plaintiff can not recover unless he shows that the return is false in fact. It is true the action is not for making an illegal or defective return, but for making a false return, and the plaintiff can not recover unless

he shows the return false. The only materiality of the question whether the service in New Hampshire was legal, is in reference to its effect on the question whether the particular in which the plaintiff claims the return was false, was material to his rights or operated to his injury. If the service made in New Hampshire is as good and valid as if made in Windsor county, within the precinct of the officer, then it is indifferent to this plaintiff whether the return states the service to have been made in the one place or the other, as the legal effect would have been the same. It would be the same as if a sheriff should serve a writ in one town in his county and date it as made in another town in the same county ; both towns being within the precinct of the sheriff, the error in the return would be immaterial, and would not sustain an action. But in this case, the service in New Hampshire being invalid and not such as would have authorized the court to proceed to a decree against this plaintiff, if the sheriff has returned on the process that he made the service in Windsor county, where it would be legal, it is material.

The next question is, whether the return is false in this particular. This involves the construction of the return as made upon the process and returned to the court. The return commences : " State of Vermont, Windsor county ss. At Hartford, in said county, on the 13th day of June, 1860, I made service of this petition and subpœna on the within John Smith, by leaving a true and attested copy," &c.—then proceeding in usual form, it then states that on the same day, at said Hartford, he made service on the within named Denison Manchester by delivering to him a true and attested copy thereof, with his return thereon endorsed. It then states that on the same day, in Norwich, in said county, he made service on F. L. & E. W. Olds, by delivering each of them a true and attested copy, with this return endorsed on each of said copies. Then follow these words—" On the 14th day of June aforesaid, I delivered to the within named Reuben Davis a true and attested copy of this petition and subpœna, with my return thereon endorsed."

If the legal construction and intendment of this return is that, as to the service on Davis, it is to be referred to no place as there made, then the return is not false in the particular

Davis v. Richmond.

complained of. The defendant's counsel claim, that as the sheriff specifies the town in said county in which he made service on each of the other defendants in the process, and omits it in stating the service on Davis, such is the construction, and therefore the return is not false. The sheriff having commenced his return by stating the state and county, it was unnecessary to name the particular town in which he made the service on any of the defendants; the whole would be referred to the county thus named as the venue, and in order to have the return show upon its face that the service was made in such state and county, it would not be necessary to again name either, or the town in which the service was made. Naming in the body of the return, as in this case, the particular town in the county in which the service was made on the other defendants, and omitting to do so as to Davis, does not change the construction or legal intendment as to the place where service was made on him. The only construction that can be put upon the return is, that the service was made on Davis, as well as on the others, in Windsor county,—so that the return showed a legal return on Davis, and such service as warranted the court, on the faith of it, in proceeding and entering a decree against him, while the service, as actually made, had the facts been truly stated as to the place of service, would have been a nullity, and would have given the court no authority to make such decree.

. If, then, the plaintiff in this case has suffered any damage by this error in the return, he is entitled to recover. It appears that a decree was taken against this plaintiff and the other defendants in that cause, at the June Term, 1860, the term at which the process was returnable. Thus the defendant, by reason of this error in the return, had a decree against him at least one term sooner than a decree could have been obtained, had the sheriff returned truly the place where service was made, as in that case the only way to have obtained a decree against Davis in that suit, would have been by a continuance of the cause to the next term, and by a notification by publication for the usual length of time to Davis, under an order of court. This of itself shows sufficient damage to sustain the action. It differs in no way from the common case of an officer making

return of legal service, when in fact no service was made, and a judgment taken on the faith of it. The pretended service is no service. But it appears, on reference to the decree, that the time fixed for the payment of the first instalment was thirty days from the 11th July, 1860, the date of the decree, and that that time passed without payment. Weston, the orator in that suit, took possession of the premises the next day, thus ousting Manchester, the tenant of this plaintiff. This clearly shows such damage as will sustain this action.

It is claimed by the defendant's counsel that the amount of the mortgages on the premises, which constituted a lien prior to Davis' levy, was more than the value of the premises. Whether this is so or not does not necessarily appear, as the appraisal made at the time of the plaintiff's levy is not conclusive of the value at the date of the decree, but if the fact is as the defendant's counsel claim, it may affect the amount of the recovery, but can not defeat the action.

The judgment of the county court is reversed, and the case remanded.