## GEORGE JOHNSON *v.* MICHAEL MURPHY.

*Process.    Service.    Return.    Audita Querela.    Pendency of Suit.*
*Notice.    Absent Defendant.    Good Faith.*

Where an officer served a writ by attachment and leaving a copy at the last and usual place of abode of the defendant, and stated in his return that on the same day he gave the defendant personal notice of the suit, the time of court and place where to appear, it was *held* that such statement constituted no part of the return, and had no binding force or validity, and putting it there did not make the return evidence of the truth of the statement for any purpose.

If this notice was given before such service of the writ, and just as the defendant therein was leaving town, so that he had no notice of the suit after the writ was served, the plaintiff therein was not entitled to a judgment by default, but the justice having rendered judgment in his favor, and having stated in his record that "it having been made to appear by evidence satisfactory to the court, as per officer's return, that the defendant had received personal notice of the pendency of this suit on * * * given by the officer who served said writ, while he had said writ in his hands for service," the defendant was duly called and defaulted, it was *held* that, in *audita querela* to set aside said judgment, the question whether the notice was in fact given before or after the writ was served, was for the determination of the jury, and should have been submitted to them, the record being consistent with either hypothesis.

Where the evidence in *audita querela* tends to show that the defendant did not act in good faith in obtaining his judgment in the former suit, this question should be submitted to the jury, and the finding of the magistrate in the former suit has no force whatever to preclude an inquiry upon this point.

AUDITA QUERELA.   Plea, the general issue.   Trial by jury, March term, 1869, PROUT, J., presiding.

The plaintiff was a soldier in the 7th Vermont regiment, and was out of the State from the fall of 1861 until the spring of

1866, except that he was at home once on a furlough, as herein-after stated.

The plaintiff testified in this case that he was at home on a furlough in the fall of 1864 ; that his furlough was for thirty days, but that he was in Rutland only about ten days, having spent the remainder of the time in Whitehall, N. Y. ; that upon the day his furlough expired, as he was going from John McIntire's house to the depot of the Rutland and Burlington railroad, in company with John McIntire, he met Levi Briggs near the Rutland and Washington railroad sheds ; that Briggs told him he had got a writ for him, to which he, Johnson, replied, it is no use now, I am returning to my regiment ; Briggs said he knew that, and passed on, and that he, Johnson, took the cars in ten or fifteen minutes and left for his regiment ; that he did not go back again to McIntire's house, where he made it his home, and where his wife was staying, and did not know that Briggs had been there ; his regiment was then in Brattleboro, but it left the state in a day or two ; that he had no other notice of said suit than what Briggs told him ; that he, Briggs, did not state who the plaintiff was, or when or where the writ was returnable, and that he, the plaintiff, had no notice that he was sued, and never heard of it until his return home in the spring of 1866 ; that McIntire's house was south of the depot, and in the direction Briggs was going. The plaintiff also introduced John McIntire as a witness, who testified substantially as himself, in every particular, and then rested.

The defendant then put Levi Briggs upon the stand, who testified that he served the writ in the suit of Murphy against Johnson, aforesaid, as deputy sheriff ; that he could not tell how long he held said writ before serving it ; that he served it by leaving a copy with the defendant's wife, by direction of Reuben R. Thrall, attorney for the plaintiff ; that it was his impression that he saw the defendant just as he was getting on to the cars at the south end of the depot, but it might have been when Johnson says ; that the return is probably according to the facts ; that it was made the same day ; that he wanted to avoid personal service by arresting the defendant, so as not to make himself liable ; that he told the defendant merely to give him notice whom the suit was in favor of and the place of trial. " I have no doubt I gave him the notice as stated in the return, which I made out as soon as I got home ; cannot say whether I gave him notice before or after I left the copy with his wife ; made the copy before I went down ; when I went to leave the copy she and another woman were in the house ; I had special directions from Thrall what to do, to leave a copy ;

Thrall knew the furlough expired that day for he talked it over; think I should not have given the copy to Johnson if I had found him; I remember I told him that Mike had sued him for licking him; if I had not seen the return I should not say that I told him the time and place of trial; I recollect the reply he made, viz.: that he did not care about it, and was going to take the cars; I told him I knew it; should say I did not see Johnson but once that morning. It was conceded that said Briggs was a deputy sheriff when he served said writ.

. The plaintiff also put in a record of the justice judgment, *Murphy v. Johnson*, by which it appeared that the action was trespass for an assault and battery, returnable before justice Randall, at the law office of R. R. Thrall, in Rutland, on the 17th day of October, 1864, at one o'clock in the afternoon. The writ was dated September 9, 1864, and the return thereon was dated September 27, 1864, and was as follows:

"Rutland County, ss., at Rutland, September 27, 1864.

" Then, by virtue of this writ, I attached, as the property of the within named defendant, one chair, and on the same day I left a true and attested copy of writ and attachment, with a list of the property so attached at his, defendant's, last and usual place of abode, in the hands of his wife, then resident therein, a person of sufficient discretion, with this my return hereon, and on same day I gave the defendant personal notice of this suit, and the time of court, and the place where to appear, the defendant being a soldier, and ordered to report this day at his rendezvous.

"Attest, LEVI BRIGGS, *Deputy Sheriff*."

·After setting forth the foregoing facts, in usual form, the said records proceeds as follows:

" The plaintiff appeared in his own proper person, and it having been made to appear, by evidence satisfactory to the court, as per officer's return, that the defendant had received personal notice of the pendency of this suit, on the 27th of September, 1864, given by the officer who served said writ, while he had said writ in his hands for service, the defendant was three times solemnly called, came not but made default of his appearance. The plaintiff gave evidence in support of his declaration, whereupon it is considered by the said justice that the said Michael Murphy recover of the said George Johnson the sum of two hundred dollars damages, and the sum of two dollars and twenty-seven cents costs of suit, for which he may have execution. And at the time of rendering

said judgment, it was adjudged by the court that the cause of action, on which said judgment was founded, arose from the wilful and malicious acts of the defendant, and that the court, from a consideration of the facts, considered that the defendant ought to be confined in close jail.

                    "J. J. R. RANDALL, *Justice of the Peace.*"

Upon the foregoing evidence, the court, *pro forma*, directed a verdict of not guilty for the defendant, to which the plaintiff excepted.

*R. R. Thrall* and *C. C. Dewey*, for the plaintiff, cited Gen. St., ch. 33, § 21, p. 291, § § 50, 51, p. 183 ; *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Kidder* v. *Hadley*, 25 Vt., 544 ; *Little* v. *Cook*, 2 Aik., 363.

*W. H. Smith*, for the defendant, cited *Paddleford* v. *Bancroft*, 22 Vt., 529 ; *Eastman* v. *Waterman*, 26 Vt., 494, 502.

Heard at the January term, 1869.

The opinion of the court was delivered by

PIERPOINT, C. J. It is apparent from the bill of exceptions that the court below directed a verdict for the defendant on the ground that the determination of the magistrate, as to the notice to the defendant in the suit then pending before him, and in which the judgment was rendered, that is now sought to be set aside, is conclusive upon the defendant in that suit, (the plaintiff in this,) and precludes any inquiry in this case as to whether the plaintiff here had any notice in fact of the pendency of that suit. To determine whether the county court was right in this, it becomes necessary to look into the record of the proceeding before the justice, to see what he actually decided in respect to the notice. On examining the record it does not appear that the defendant in that suit had any notice of the service of the writ upon him, and of the pendency of the suit, except as appears from the officer's return ; in other words that he had just such notice as the officer in his return states that he gave him. The officer in his return says, that on the day that he served the writ, "he gave the defendant personal notice of the suit, and the time of court, and the place where to appear."

It is conceded that this notice is not a service of the writ, in any of the modes known to the law, and for such a purpose is of no avail. It is also conceded, that if this notice was given by the officer before the writ was served by leaving a copy at the defendant's place of abode, it would have no effect upon the plaintiff's right to a judgment upon the return day, because it would not be notice that a writ had been served upon him in any form that could result in a judgment against him. If the officer had given notice that he had served the writ by leaving a copy, with notice of the time and place of hearing and the name of the plaintiff, that might have been sufficient, but neither the return of the officer, his testimony on trial, or the record of the magistrate show any such state of facts.

The finding of the magistrate is consistent with the fact that the interview, between the officer and the defendant in that suit, took place prior to the service of the writ, and that the said defendant remained in entire ignorance of the fact that the writ had been served until long after judgment had been obtained against him.

The term "pendency of the suit" can have no technical signification in the connection in which it is used, as the whole record in this respect is based upon the officer's return.

The magistrate, as appears by the record, goes further, and finds that the notice was given by the officer who served the writ "while he had said writ in his hands *for service*," not after he had served it; thus indicating, so far as it tended to show anything as to the time of notice, that it was before service was in fact made.

As the record upon its face does not show that said defendant had notice of the suit after the writ was served upon him, we cannot regard it as conclusive upon him in this respect.

What took place between the officer and the defendant was much better calculated to mislead him than to give him information upon which he would be expected to act. As the defendant was in the act of leaving the state, and that known to the officer and spoken of at the time, he (the defendant) would naturally suppose that if the writ was to be served it would be served upon him then, and, as it was not, that the proceeding was abandoned.

We have been speaking of the facts stated in the officer's return

77

as to notice, as though they properly constituted a part of the officer's return and had some additional force in consequence of having been placed there, but we do not so regard it. They constituted no part of the officer's return, and have no binding force or validity, and putting them there does not make the return evidence of their truth for any purpose. Still if the magistrate receives the return as evidence, and the record shows that he found the requisite facts in respect to notice, perhaps the court in a proceeding like this could not go back of the record to inquire into the character of the evidence on which the finding was based, but we have no occasion to pass upon that question, as both the return and the finding based thereon are deficient in the most essential requisite necessary to make the judgment conclusive, that is, that the notice was given after the commencement of the suit, by service of process on the party.

The question whether the notice was in fact given before or after the writ was served, the record being consistent with either hypothesis, is a matter to be determined by the jury, and should have been submitted to them.

Again we think the evidence in this case has a tendency to show that the defendant in this proceeding did not act in perfect good faith in obtaining that judgment; all the circumstances, preliminary to and attending the service and the notice, are at best calculated to excite a suspicion that the object was to have the writ served at a time when it was too late for him to get the copy left at his place of abode, and at the same time let him have just notice enough, not to have him understand that he is sued, but to enable the plaintiff to get a judgment on the return day by default without being obliged to give the recognizance required by the statute to protect the defendant against an unjust judgment. Of course we do not undertake to say that the fact was so, or that the evidence was sufficient to satisfy the jury upon the subject. It is enough that the evidence has a tendency to prove it, and the weight of the evidence is for the jury, and upon that point the finding of the magistrate is of no force whatever to preclude an inquiry, as the inquiry is based upon the theory that the judgment is void by reason of the misconduct of the party. We think that

upon this point also the case should have been submitted to the jury.

The judgment of the county court is reversed and the case remanded.