JAMES B. DOW v. SCHOOL DISTRICT No. 12 IN WALDEN.

*Practice.    Service of Process.    Charge of Court.*

When a case is entered in the county court after the time prescribed by the rules of prac-
tice for filing dilatory pleas, leave to file such pleas must be reserved by order of court,
or the right is waived.

*Semble,* if the county court sustain a motion to dismiss, and the record shows that it was
not properly filed, the supreme court, on exceptions, will hold it error.

A writ was served on a school district by attaching certain personal property of the dis-
trict, and leaving a true and attested copy of the writ, with the officer's return thereon,
at the house of the then usual abode of the clerk of said district, in the hands of his
wife. *Held,* that the service was good.

The county court in charging the jury, remarked, that they recollected no evidence upon
a certain point, unless it was certain evidence, which the court referred to. *Held,* no
error.

ASSUMPSIT to recover for building a school-house for the de-
fendant. The defendant by their attorney, filed a motion to dis-
miss, because " the writ, as appears by the return thereon, which
is referred to, was served by delivering a copy thereof to the wife
of the clerk of said district, and was never served in any other
manner than above stated." The return on the writ showed that
the officer attached certain personal property of the defendant,
and that he " left a true and attested copy of said writ at the
house of the then usual abode of Samuel Harrington, the clerk of
school district No. 12 in said Walden, with said clerk's wife, a
person of sufficient discretion to receive the same, then resident
therein," with his return thereon indorsed. At the June term,
1871, Ross, J., presiding, the case was heard on demurrer to said
motion, and the motion overruled ; to which the defendant ex-
cepted. It did not appear upon what ground the motion was
overruled. The defendant then pleaded the general issue with
notice ; and at the June term, 1873, Ross, J., presiding, there
was a trial by jury and verdict for the plaintiff. The plaintiff
gave evidence tending to show that he built a school-house for the
defendant in accordance with a certain contract, and that there
was a balance due him for the same. He also gave evidence tend-
ing to show an acceptance of the school-house by the building
committee, and by the defendant. The school-house was to be

built in a " thorough and workmanlike manner." The defendant gave evidence tending to show that the house was not ·properly painted, that the plastering was thin, badly cracked, and poorly put on, and that the house was cold ; that there were large cracks in the floor, by reason of the upper tier of boards not being laid so as to cover the cracks in the lining, and by reason of the shrinking of the boards ; that the clapboards shrank badly, and that there were cracks in the roof where the snow blew in to some extent. The court, among other things not excepted to, charged the jury that if they found the building committee accepted said house, as the plaintiff's evidence tended to show they did, it would be an acceptance by the defendant, and bind the defendant, unless there were defects in the materials used, or construction of the house, unknown to the building committee, and which they could not, with reasonable diligence, discover while making the examination of the house for the purpose of accepting the same. The court then remarked, that they did not recollect any evidence of any such defects, unless it was that the lumber was not properly seasoned. To this remark by the court, the defendant excepted. The court also told the jury that the words, " thorough and workmanlike manner," were to be construed with reference to the kind of work to be done, the quality of the materials to be used, and the place where the house was to be located, and they were to determine what the parties reasonably understood by the use of those words, having reference to the foregoing particulars. To this the defendant excepted. The court instructed the jury in other respects to the acceptance of the defendant.

———— ————, for the defendant.

The court below overruled the motion to dismiss, on the ground that it was a plea to the jurisdiction, and that the right to plead it was waived by appearing by attorney. In this we think there was error. A plea to the jurisdiction raises a question as to the right of the court to adjudicate upon the question at issue, and denies the authority of the court over the parties or subject-matter of the suit, no matter what the process may be. In this case the authority of the court is perfect, and the wrong complained of is in the manner of bringing the matter before the court.

. The motion was good in substance. Where the statute has prescribed the manner of service, it must be strictly followed, or the attempted service is void. Leaving a copy with the wife of a corporation clerk, is not a service on the corporation. *Charleston* v. *Lunenburgh*, 21 Vt. 488 ; *Fairfield* v. *King*, 41 Vt. 611 ; Gen. Sts. ch. 33, § 24.

Where there is evidence tending to prove a fact, like the evidence of the concealed defects in question, it is error for the court to tell the jury that they recollect no such evidence. It is in effect deciding a question of fact, which is the province of the jury ; or at least, it tends strongly to mislead the jury, and induce them to ignore evidence which the presiding judge forgets.

———— ————, for the plaintiff.

The service of the writ is good, Gen. Sts. ch. 33, § 24.

The defendant waived its right to object to any informality of service, by not filing its motion to dismiss on or before the third day of the term, as required by the rule relating to dilatory pleas. *Pollard* v. *Wilder*, 17 Vt. 48 ; *Wheelock* v. *Sears*, 19 Vt. 559 ; *Landon* v. *Roberts*, 20 Vt. 286 ; *University of Vermont* v. *Joslyn*, 21 Vt. 52 ; *Wires et al.* v. *Farr*, 24 Vt. 645 ; *Morse* v. *Nash & Tr.* 30 Vt. 76.

There is no error in the court's making the remark complained of.

The charge of the court as to the construction of the contract, was correct. *Roberts* v. *Button et als.* 14 Vt. 195 ; *Hinsdale* v. *Partridge*, Ib. 547 ; *Austin* v. *Wheeler*, 16 Vt. 95 ; *Lowry et al.* v. *Adams*, 22 Vt. 160 ; *Johnson* v. *Newfane*, 40 Vt. 9.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit to recover pay for building a school-house.

I. The defendant moved to dismiss the suit for want of legal service. The motion to dismiss was filed on the 11th of July, and more than a month after the time for filing dilatory pleas, by the rules of practice, had elapsed. The defendant claims that the case was entered on the docket, out of time, and that the motion was filed seasonably after the case was entered. The case could

not properly be entered after three days, except by leave of the court ; and if the right to file dilatory pleas was not reserved by order of court, at the time leave to enter was granted, it would be waived.   *Wheelock* v. *Sears*, 19 Vt. 559.   And, it seems, if the county court sustain the motion to dismiss, and the record shows it was not seasonably filed, the supreme court, on exceptions, will hold it error.   *Pollard* v. *Wilder*, cited in *Montpelier* v. *Andrews*, 16 Vt. 605.

II.   But, waiving all exceptions to the time of filing the plea or motion, and to the sufficiency of the motion (which may well be questioned), we think the service of the writ good.   The statute provides that " all writs against a corporation shall be served by leaving a copy with the clerk thereof, unless he be absent from the state."   This writ issued and was served as an *attachment.* The 22d sec., ch. 33, Gen. Sts. provides, in such case, that " a copy of the attachment, and a list, &c., shall be delivered to the party whose goods or chattels are so attached, *or* left at the house of his then usual abode, as is directed in case of summons."   The attachment of property of the defendant gave *jurisdiction* to the court over the subject-matter of the attachment. There is no suggestion or reason to believe that the clerk was absent from the state, and, therefore, the service could not have been made otherwise than upon the clerk.   And it cannot reasonably be assumed that when the clerk, by severe sickness or temporary insanity, was rendered incapable of receiving a copy ; or when temporarily absent from home, the officer, perhaps on the last day of service, had made an attachment and was unable to find him, that the statute had made no provision for serving the process.   The twenty-fourth section provides upon what officer or person, process against a corporation shall be served ; and if it be impossible to deliver a copy of the attachment to such officer *in person,* then the officer shall leave it, under the general direction of the statute for serving process, " at the house of his usual abode, with some person of sufficient discretion then resident therein " ; and if there be no such person, then he shall lodge the same therein, " in such situation as the defendant will most probably receive it."   And the *manner* of service is required to be

particularly stated in the return. The statute specifies the different manner of service upon the person who, by law, is entitled to the notice, whether he be the defendant, or an officer of the defendant corporation. And if the copy cannot be delivered to the *person*, it must be so "lodged" that he "will most probably receive it." And if he does receive it, it is personal service. It is not complained that the clerk did not receive the copy of the attachment left with his wife. But, having had due notice, the defendant appears and answers to the process, and after a month's deliberation, conceives some technical insufficiency in the "*manner*" of service. We think the defendant's motion is founded in neither equity nor good law.

III. It is admitted that the charge of the court properly stated the defence to the jury, and that an acceptance of the house would conclude the defendant, unless there were secret defects which inspection would not discover. But the defendant excepts to the remark of the judge, that "he did not recollect of any evidence of such defects, unless it was that the lumber was not properly seasoned." It is not apparent that there was other evidence properly bearing on that part of the case; and if there had been such evidence, the remark of the court would be a *mistake*, but not a subject of *error*. In the *resume* of evidence, it cannot be expected that every circumstance will be remembered and stated to the jury by the court. But when the court, in recapitulating the evidence, states that it is all he "*remembers*," but leaves the jury to determine the fact, upon the weight of evidence as they had heard it, it cannot be assigned as error, if the court should overlook some testimony bearing upon the issue.

We find no error, and the judgment of the county court is affirmed.