GOKEY v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. July 9, 1904.)

1. ATTACHMENT—WRITS—SERVICE—CORPORATIONS.

V. S. 21, providing that the word "person" shall include bodies politic and corporate, and section 1109, declaring that, when the goods or chattels of a person are attached in the suit of another, a copy of the attachment and a list of the articles attached, attested by the officer serving the same, shall be delivered to the party whose goods are attached, or to his agent or attorney in possession thereof, authorize the issuance of writs of attachment against the property of corporations.

2. SAME—RAILROADS—LESSEES—PERSONS TO RECEIVE SERVICE—STATUTES—CONSTRUCTION.

V. S. 3948, providing for the appointment by the lessee of a railroad within the state of a person resident therein on whom process may be served, and section 3949, declaring that, on failure to appoint such a person, process may be served by leaving a copy with the station agent or depot master in the employment of the lessee, furnishes an additional mode of service to that provided by section 1109, authorizing attachment by leaving a copy with the party whose goods are attached, and providing, if he is not an inhabitant of the state, such copy shall be left with his known agent or attorney, or, for want thereof, at the place where such goods or chattels are attached, and does not require service of an attachment by leaving a copy with the persons provided by section 3949.

Harland B. Howe, for plaintiff.
Geo. B. Young, for defendant.

WHEELER, District Judge. This cause has now been heard on demurrer to a replication to a plea in abatement for defective service of the writ. The writ issued and was served as an attachment. The Vermont statutes provide:

"Sec. 1109. When the goods or chattels of a person are attached at the suit of another, a copy of the attachment and a list of the articles attached, attested by the officer serving the same, shall be delivered to the party whose goods or chattels are so attached, or left at the house of his then usual abode, as directed in the service of summons, and if such person is not an inhabitant of the state, such copy shall be left with his known agent or attorney, and for want thereof, at the place where such goods or chattels were attached."

"Sec. 21. The word person may extend and be applied to bodies corporate and politic."

¶ 1. See Corporations, vol. 12, Cent. Dig. § 2007.

¶ 2. Service of process on foreign corporations, see note to Eldred v. Palace Car Co., 45 C. C. A. 3.

Under these statutes, writs of attachment properly issue against the property of corporations. Dow v. School Dist., 46 Vt. 108. The marshal's return showing the service made is:

"United States of America, District of Vermont—ss.: At Lyndon, in said district, on this the second day of May, A. D. 1904, I made service of this writ by attaching as the property of the within-named defendant, The Boston & Maine Railroad Company, its locomotive engines numbered 650 and 651, the same being designated to me as the property of the said B. & M. R. R. Co., by H. E. Folsom, one of its accredited agents and a Division Superintendent within said district. On the same day I made further service hereof by leaving a true and attested copy of this writ in the hands of the said H. E. Folsom, agent and Superintendent aforesaid, at his office at Lyndonville, in said district, with my doings thereon indorsed.
"Attest, Horace W. Bailey,
"United States Marshal."

The plea fully denies any other or different service, and alleges that defendant was a nonresident lessee in possession of, and managing and operating, a railroad in this state, and that Folsom was not at the time of the service, and never "has been, a person residing within the state of Vermont, upon whom service of process issued against this defendant may or might be made." The replication alleges that Folsom was at that time "a person residing within the state of Vermont, upon whom service of process issued against this defendant might be legally made, to wit, as agent of this defendant." It is to this that the defendant has demurred.

It is doubtful whether a replication to a plea in abatement is ever necessary, for, in the strictness required of such a plea, whatever might be brought forward by replication that would help the process should be met by the plea, or that would itself be bad. But if a replication to the plea, instead of a demurrer, is filed, if of itself bad, it might be good enough for a bad plea. The statutes of the state (V. S. 3948) provide for the appointment by such a lessee of a person resident in the state upon whom service of process may be made. The known agent of a noninhabitant, with whom the copy of an attachment and a list of the articles attached may be left, may not be a person upon whom, by appointment, service of process generally may be made. Folsom may have been such an agent about this property attached, and not such an appointed person for service of process upon. And leaving a copy in the same custody as that of the goods or chattels attached would be leaving it at the place where they were attached, although the custodian may have no other agency. Hill v. Warren, 54 Vt. 78. The division superintendent of the railroad of the defendant, designating the locomotives attached as its property, might well be taken to be the known agent, or the accredited agent, as styled by the marshal, of the defendant, about the custody of those articles, and leaving a copy of the attachment and a list of them with him would be a leaving with the known agent of the defendant within the meaning of that statute, or at the place where they were attached within the same meaning. The statutes provide (V. S. 3949) that, on failure to appoint such a person for receiving service of process, it "may be made by leaving a copy of the process with a station agent or depot master in the employment of" the lessee. The plea alleges

that the defendant had at the time of the service many station agents and depot masters in its employment in this state, to wit, 25, with whom a copy might have been left, and that Folsom was not one of them. But this statute only furnishes an additional mode of service, generally, and does not require service of an attachment to be made upon station agents or depot masters, nor supersede service of such process in the mode otherwise provided.

The plea was bad for not denying Folsom's agency about, or custody of, the property, and the replication bringing that agency forward is good, or good enough for such a plea.

Demurrer overruled, and replication adjudged sufficient.