E. S. WADE *v.* HARRY WADE'S ADMR. ET AL.

October Term, 1907.

Present:  ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 25, 1908.

*Motions—Dilatory Objections—Time of Pleading—Appearance*
*—General Appearance After Special Appearance—Process*
*—Service—Absent Defendant—"Notice" and "Knowledge"*
*—Notice by Publication—Judgment by Default.*

It is within the discretion of the trial court to allow a motion to
dismiss to be filed out of time, for the limitation of the time of
filing is but a provision of its rules; but such motion must be
overruled on hearing if not made in season to satisfy the require-
ments of pleading.

To be available, a dilatory objection must be raised at the earliest op-
portunity, which cannot be later than the time allowed for dilatory
pleadings by the rule of court.

Valid service of a writ attaching property of nonresident defendants
cannot be made by delivering one copy of the writ to their com-
mon agent, as the statute requires that in such case a copy be
left for each.

Where within the time fixed by statute defendants appear specially
for the purpose of moving to dismiss, they are bound by the rule
of court relating to the time of filing dilatory pleas, though there
was no service that obliged them to obey the writ, or charged
them with knowledge of its contents.

Where an appearance is properly restricted, it will stand as made
till some inconsistent action is taken, and it is not necessary
to state the precise purpose of the appearance, but its mere
designation on the docket "special" is sufficient, and confines it
to dilatory matters, precluding a presumption of anything further;
and hence a failure seasonably to file a motion to dismiss, after
a special appearance, does not make the appearance general.

Where there is no general appearance judgment can be rendered only
as on a default, which presupposes legal notice, actual or con-
structive.

In respect of the services of process, "knowledge" is not the same as "notice," for to constitute due notice the knowledge must be communicated in the prescribed way.

Personal notice to an absent defendant of the attachment of his property implies more than casual information of the suit, or of the seizure of his property. It relates to his receiving or learning of the copy that he is entitled to have left for him.

A plaintiff is entitled as of right to have overruled a motion to dismiss unseasonably filed for any defect that can be waived.

In order to charge the property of a nonresident defendant, he must have due notice, actual or constructive, of the pendency of the action, and if the leaving of a copy of the writ is not shown to have resulted in such notice, and notice is not otherwise shown, the court must continue the case and order notice by publication under the provisions of V. S. 1644.

EJECTMENT. Essex County, June Term, 1907, *Miles, J.,* presiding. Heard on the defendant's motion to dismiss the writ, and on the plaintiff's motion for judgment. Each motion was overruled, and thereupon the plaintiff requested a trial on the merits, which was denied. Each party excepted. The opinion states the case.

*Herbert W. Blake* for the plaintiff.

The rule, applicable alike to motions and pleas in abatement, is, that they must give the plaintiff a better writ, in that they not only point out the error, but also the method of correcting it. Gould's Pl. Ch. V. §67; I Chitty's Pl. 446. This being a motion calling attention to defects of the first class would do, "as those defects are entire, of the merits, and incurable by any supposable replication" (*Bliss* v. *Conn. & Pass. R. R. Co.* 24 Vt. 428), but would not do in cases of a failure of the return to show good service. For the officer might have been permitted to amend his return and add, if the facts would warrant it, all that was necessary to render his return conclusive evidence of notice to the defendant. It would also be competent for the plaintiff under the circumstances to prove the actual reception of the copy by the defendant. *Newton* v.

*Adams,* 4 Vt. 444; *Gilman* v. *Thompson,* 11 Vt. 643; *Pond* v. *Baker,* 55 Vt. 400; *Bent* v. *Bent,* 43 Vt. 42; *Whitney* v. *Sears,* 16 Vt. 587.

The return shows that the officer attached certain property as the property of the defendants, and left in the town clerk's office a true and attested copy of this writ, with a description of the property and estate so attached, and this his return endorsed thereon for record, which by statute gives the officer the same rights over the property that he would get by taking possession. When the sheriff had done this, the court had jurisdiction, at least to the extent of rendering a judgment which would be valid against the property attached. The subsequent actions of the officer were only for the purpose of giving notice to the defendants, which is,—as this court has said in the cases of *Gilman* v. *Thompson,* 11 Vt. 643, and *Newton* v. *Adams,* 4 Vt. 444,—quite a different thing. It is apparent that the defendants did get the notice, and they are present in court enjoying their rights of defence under the law.

"A court, having jurisdiction of the subject-matter, obtains jurisdiction of the person by service of process on the person or the attachment of his property within the jurisdiction. If jurisdiction be had by the attachment of property, irregularity in the proceedings for giving personal notice does not render the proceedings void." *Leather Co.* v. *E. B. C. Co.,* 70 Vt. 118; *Dow* v. *School Dist.,* 46 Vt. 108; *Beach* v. *Abbott,* 6 Vt. 586.

The time for the defendants to enter an appearance expired on the forty-second day after the date of the writ. On the fifty-second day from that date the defendant's time for filing dilatory pleas expired,—equivalent to the ancient special imparlance. Two days later, the time limited by the rule for the defendants to file special pleas in bar expired,—equivalent to the general imparlance of the ancient law. At the expiration of this time, the rule of court operated to file the general issue in behalf of the defendants, or would so have operated had not the defendants, on the 9th day of May, 1907, filed this motion to dismiss. This motion to dismiss was clearly out of time, and it was the court's duty to overrule it. *Snow* v. *Carpenter,* 49 Vt. 426; *Pollard* v. *Wilder,* 17 Vt. 48; *Montpelier* v. *Andrews,* 16 Vt. 604; *Wheelock* v. *Sears,* 19 Vt. 561.

*Amey & Hunt* for the defendant.

A motion to dismiss properly and adequately raises the questions at issue. All the defects complained of are apparent upon the face of the record and require no proof of *aliunde*. The writ and officer's return are specifically referred to in said motion. *Conn. & Pass. R. R. Co.* v. *Bailey,* 24 Vt. 465; *Waterford* v. *Brookfield,* 2 Vt. 200; *Culver* v. *Balch,* 23 Vt. 618; *Bliss* v. *Smith,* 42 Vt. 198; *Johnson* v. *Williams,* 48 Vt. 565.

The defects complained of were not waived. *Society etc.* v. *Ballard,* 4 Vt. 119; *Wright* v. *Boynton,* 37 N. H. 9, 72 Am. Dec. 319; 3 Cyc. 527.

Since the court was without jurisdiction for want of proper service, there could be no judgment for plaintiff. *Price* v. *Hickok,* 39 Vt. 292; *Skinner* v. *McDaniel,* 4 Vt. 418; *Clark* v. *Freeman,* 5 Vt. 122; *Woodruff* v. *Taylor,* 20 Vt. 65; *Cooper* v. *Reynolds,* 10 Wall. 308; *Pennoyer* v. *Neff,* 95 U. S. 714; 11 Cyc. 671; *Steamboat Co.* v. *Foster,* 48 Am. Dec. 248, note.

MUNSON, J. This is an action of ejectment, brought against both residents and non-residents. The non-resident defendants appeared specially, but without otherwise indicating the purpose of their appearance, and afterwards moved to dismiss the writ because not legally served on them. This motion was not filed within the time allowed for dilatory pleas, and no other appearance having been entered, or further plea filed, the plaintiff moved for judgment in chief. The court overruled the motion to dismiss, and also the motion for judgment; and plaintiff thereupon requested a trial on the merits, which the court refused. Exceptions were taken to all these rulings.

The motion assigns several grounds of dismissal, one of them being a failure to deliver necessary copies. The consideration of this part of the motion will involve all that is necessary for the determination of the case. It appears from the officer's return that he delivered to the agent but one copy for the four non-resident defendants. The statute required that one be left for each. V. S. 1101, 1109; *Hill* v. *Warren,* 54 Vt. 73; *Washburn* v. *New York etc. Mining Co.,* 41 Vt. 50. The defendants contend that this defect entitled them to a dismissal of the writ.

It was within the discretion of the court to entertain the motion to dismiss, although filed out of time; for the limitation of the time of filing was but a provision of its rules. But the motion was nevertheless to be overruled on hearing if not made in season to satisfy the requirements of pleading. A dilatory objection must be raised at the earliest opportunity, and this cannot be later than the time allowed for dilatory pleadings by the rule of court, in a case governed by the rule. *Mack* v. *Lewis,* 67 Vt. 383, 31 Atl. 888.

But these defendants insist that they cannot be affected by a rule which is based upon the time limited for entering an appearance, when there was no service that obliged them to obey the writ or charged them with knowledge of its contents. But we think that inasmuch as they appeared in opposition to the writ within the time fixed by the statute, they were bound by the rule of court relating to dilatory pleas. See *Mitchell* v. *Union Life Ins. Co.,* 45 Me. 104, 71 Am. Dec. 529. Their failure in this respect was a sufficient ground for overruling their motion.

But the plaintiff contends that the course taken by defendants' attorneys enlarged their appearance. His claim of judgment stands upon the theory that the attorneys' continuance in court, after the time for filing dilatory pleas had expired without their having taken dilatory action, was an unrestricted appearance. The reasoning in *Mack* v. *Lewis,* 67 Vt. 383, 31 Atl. 888, and in *Eldred* v. *Bank,* 17 Wall. 545, 21 L. Ed. 685, is relied upon in support of this position. But that reasoning is inapplicable, for the appearances there were general. The question presented here is whether an appearance entered as special afterwards became general.

In our practice, the initial appearance is made by entering on the margin of the docket entry of the case the name of the attorney or party appearing. If a restricted appearance is intended, the name must be accompanied by some statement to that effect. If the appearance is properly restricted it will stand as made until some inconsistent action is taken. These defendants entered a special appearance, and we see no ground upon which it can be said that the failure to file their motion seasonably made that appearance general. It was not

necessary to state the precise purpose of the appearance on the docket to avoid this result. The mere designation of an appearance as special confines it to dilatory matters, and precludes a presumption of anything further.

As there was no appearance, judgment could have been rendered only as on a default. But a default presupposes legal notice, actual or constructive. The plaintiff errs in assuming that knowledge is the same as notice. If this were so there could be no such thing as special appearances, for one could not authorize a special appearance without showing knowledge and so charging himself with notice. The knowledge must be communicated in the prescribed way. For instance, the reading of a summons communicates the knowledge but does not operate as notice. *Chase* v. *Davis,* 7 Vt. 476. Nor will the unauthorized delivery of a copy charge the defendant with notice of its contents. *Davis* v. *Richmond,* 35 Vt. 419. Personal notice to an absent defendant implies more than casual information of the suit or of the seizure of his property. It evidently relates to his receiving or learning of the copy that he is entitled to have left for him. See *Newton* v. *Adams,* 4 Vt. 437; *Whitney* v. *Silver,* 22 Vt. 634; *Kidder* v. *Hadley,* 25 Vt. 544; *Johnson* v. *Murphy,* 42 Vt. 645; *Hawley* v. *Mead,* 52 Vt. 343.

So the defendants did nothing that entitled the plaintiff to a judgment or trial. But we have seen that their appearance was one that subjected them to the rules of court applicable to dilatory pleas. Then the effect of what was done must be determined by those rules and the principles of pleading to which they relate. The consequences which the law attaches to a non-compliance with requirements of this character cannot be avoided by appearing specially, for a limited appearance must bring one within the operation of the principles applicable to the purpose for which he appears. A plaintiff is entitled as of right to the overruling of a motion to dismiss unseasonably filed for any defect that can be waived; and this is on the ground that the defendant's failure to raise the objection at the earliest opportunity is a waiver of the defect. *Martin* v *Blodget,* 1 Aik. 378; *Pollard* v. *Wilder,* 17 Vt. 48; *Wheelock* v. *Sears,* 19 Vt. 559; *Dow* v. *School Dist.* 46 Vt. 108; *Mack* v.

*Lewis,* 67 Vt. 383. So the defendants have waived the want of copies, and the case stands the same as if the required copies had been delivered.

The property of non-residents cannot be charged without notice, actual or constructive. The proper delivery of copies for non-resident defendants completes the service of the writ, but does not amount to notice of either kind. The leaving of the copy may result in actual notice, but if this is not shown other notice must be given. The statute provides that in default of prior notice the court shall continue the cause and order notice by publication. V. S. 1644. *Jones* v. *Dillahanty,* 68 Vt. 490, 35 Atl. 462. The plaintiff was entitled to such an order after the motion to dismiss had been disposed of, and could doubtless have had it on application. The motions of both parties were properly overruled.

*Judgment affirmed and cause remanded.*